## NORTHBROOK RESIDENTS ASSOCIATION, Appellant,

v.

## IOWA STATE DEPARTMENT OF HEALTH OFFICE FOR HEALTH PLANNING AND DEVELOPMENT, State Health Facilities Council, and Discovery Village, Inc., Cross–Appellants.

### No. 65054.

Supreme Court of Iowa.

Nov. 12, 1980.

Rehearing Denied Dec. 11, 1980.

Robert E. Sosalla, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., Layne M. Lindebak, Asst. Atty. Gen., and F. James Bradley and Gregory M. Lederer, Cedar Rapids, for cross–appellants.

Considered by LeGRAND, P. J., and HARRIS, McCORMICK, ALLBEE and LARSON, JJ.

HARRIS, Justice.

Discovery Village is a private nonprofit corporation which seeks to construct two eight–bed residential care facilities for mentally retarded adults in a residential area of Cedar Rapids, Iowa. According to section 135.63, The Code 1979, a "certificate of need" must be obtained before any such project can be undertaken. Applications for the certificate are considered by the state health facilities council, established by section 135.62(2), The Code.

The health facilities council has twice voted to approve the application and to issue the certificate of need. Pursuant to section 135.70 as amended, plaintiff residents association appealed the first issuance of the certificate to the commissioner of public health. The commissioner upheld the decision and thereafter the residents association filed a petition for judicial review of the action of the commissioner. Upon hearing, the district court at first set aside the issuance of the certificate and referred the matter back to the health facilities council

with direction that the certificate of need be granted only if there were written findings based on data submitted to the council by the department.

Such written findings are required by section 135.64(2, a–d). Thereafter the health facilities council issued a written decision in which the certificate of need was reissued to Discovery Village. That decision was again appealed to the commissioner who once more affirmed the decision to issue the certificate. The commissioner's decision was again the subject of a petition for judicial review. This time the district court entered a judgment affirming the issuance of the certificate. This appeal is from that order.

The association alleged it is a group of Cedar Rapids residents. The respondents denied this allegation and denied any residency gave association members the standing to seek judicial review. No evidence was ever presented to prove the allegations of residency or of standing. There was no finding on the question. The district court found that the association "has participated as an aggrieved person throughout all the agency proceedings and hearings," and that Discovery Village "cannot now be heard to contest petitioner's standing."

■ Section 17A.19, The Code, provides the exclusive means of judicial review of the agency's action. *Salsbury Laboratories v. Iowa, Etc.*, 276 N.W.2d 830, 835 (Iowa 1979). Only those persons aggrieved or adversely affected by agency action may seek judicial review. § 17A.19(1), The Code.

■ We agree with the respondents that at some point it was incumbent upon the association to make some showing on the question of their standing. Under section 17A.19 standing is jurisdictional. We cannot subscribe to the trial court view that the objection was waived by the respondents. Since standing is jurisdictional it can be raised at any time. *Southeast Warren Community v. Dept. of Pub. Inst.*, 285 N.W.2d 173, 176 (Iowa 1979). Here it was raised by the pleadings.

In order for standing to appear, the association had to show that its members qualified under the test for standing described in *City of Des Moines v. Public Employment, Etc.*, 275 N.W.2d 753, 759 (Iowa 1979). There we adopted the following two–part test:

(1) affirmative demonstration of a specific, personal, and legal interest in the subject matter as distinguished from the general interest shared by and common to all members of the community, and

(2) affirmative establishment of specific injury to this interest by the decision.

The association now argues that it qualifies as an "affected person" because its members are "consumers" under section 135.61(3). But there was a wholesale failure to show who its members were or that the association was a consumer within the definition of this section, or within any definition.

Because the association failed to make any showing of its standing to seek judicial review the district court lacked jurisdiction and so do we. This conclusion renders moot the contentions of the respondents on their cross–appeal. The judgment of the district court affirming the issuance of the certificate must be and it is hereby affirmed.

APPEAL DISMISSED.