# IN THE SUPREME COURT OF IOWA

No. 110 / 07-0610

Filed January 18, 2008

**HEATHER JOYE SCHOTT,**

Appellant,

vs.

**JAMIE LEE SCHOTT,**

Appellee.

Appeal from the Iowa District Court for Polk County, D.J. Stovall, Judge.

Parties appeal district court's decision holding it did not have subject matter jurisdiction. **REVERSED AND REMANDED.**

Catherine K. Levine, Des Moines, and Carmen L. Janssen, West Des Moines, for appellant.

Tammi M. Blackstone and Carlton J. Salmons of Gaudineer, Comito & George, L.L.P., West Des Moines, for appellee.

**STREIT, Justice.**

Jamie and Heather were in a committed relationship, which lasted several years. They have two children. Jamie is the children's natural parent and Heather is their adoptive parent. After the parties ended their relationship, Heather filed a petition requesting a determination on child custody, physical care, and support. Before ruling on the petition, the district court questioned whether it had subject matter jurisdiction. The court found Heather's adoptions of the children were contrary to Iowa's adoption statute and therefore invalid. Consequently, the district court held it did not have subject matter jurisdiction to rule on Heather's petition.

On appeal, we find it was inappropriate for the district court to collaterally attack the adoptions. Heather is the children's legal parent and the district court had subject matter jurisdiction to rule on her petition. We remand for further proceedings.

## I. Facts and Prior Proceedings.

Jamie and Heather began their relationship in the summer of 2000. Sometime thereafter, Jamie and her minor son Caleb moved into Heather's home. In November 2001, Heather adopted Caleb after the parental rights of Caleb's natural father were terminated. In April 2004, Jamie gave birth to Tori. Jamie had become pregnant through artificial insemination with an anonymous donor's sperm. Heather adopted Tori about six months after she was born. Jamie consented to both adoptions and her parental rights were unaffected.

After Heather and Jamie ended their relationship, Heather filed a petition in January 2007 seeking a determination on physical care, custody, and support of the children. Jamie's answer acknowledged Heather's status as the children's parent. In a counterclaim, Jamie

alleged a marriage and requested alimony and division of the parties' assets. Heather moved to dismiss Jamie's counterclaim on the ground the parties were not legally married. The district court appointed Diane Dornburg as guardian ad litem.

The district court raised the issue of subject matter jurisdiction and stayed all previous orders. After hearing arguments on the matter, the district court dismissed Heather's petition for lack of subject matter jurisdiction. The district court held Heather's adoptions of Caleb and Tori were contrary to Iowa's adoption statute and therefore invalid. The court reasoned that because Heather was a legal stranger to the children, the court did not have subject matter jurisdiction to rule on her petition. The district court also found Jamie's counterclaim improper because it used language contained in our dissolution of marriage statute. *See In re Marriage of Martin*, 681 N.W.2d 612, 619 (Iowa 2004) (stating "[t]he rights and remedies of chapter 598—the laws governing divorce—are not otherwise available to unmarried persons"). The court noted Jamie was not without a remedy; she had the option of asserting her claims under proper legal theories. *See id.* (noting "potential theories to support property claims between unmarried cohabitants [include] claims of contract, unjust enrichment, resulting trust, constructive trust, and joint venture").

The parties and the guardian ad litem contested the district court's decision by filing a flurry of papers which need not be catalogued here. While allowing Heather's appeal to proceed, we remanded the case back to the district court for the purpose of (1) establishing temporary physical care, visitation, if applicable, and child support; (2) ruling on pending motions to reconsider; and (3) appointing a guardian ad litem to represent the children on appeal.

On appeal, both parties contend the adoptions were valid and ask us to find the district court had subject matter jurisdiction.[1] Jamie does not appeal the district court's decision with respect to her counterclaim. For the reasons that follow, we find it was inappropriate for the district court to collaterally attack Heather's adoptions of the children. The court had subject matter jurisdiction to determine the issues relating to the children. We need not address the parties' alternative arguments.

## II. Scope of Review.

Because this case was tried in equity, our review is de novo. Iowa R. App. P. 6.4.

## III. Merits.

Courts may raise the issue of subject matter jurisdiction at any time. *State v. Lasley*, 705 N.W.2d 481, 485 (Iowa 2005). "Subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong, not merely the particular case then occupying the court's attention." *Klinge v. Bentien*, 725 N.W.2d 13, 15 (Iowa 2006) (quotations omitted). The parties themselves cannot confer subject matter jurisdiction on the court. *Id.* Rather, subject matter jurisdiction is conferred by the constitution or a statute. *Id.*

The Iowa district court is a court of general jurisdiction. *Schrier v. State*, 573 N.W.2d 242, 244 (Iowa 1997). It is empowered by the Iowa Constitution to hear all cases in law and equity. Iowa Const. art. V, § 6; *see* Iowa Code § 602.6101 (2007) ("The district court has exclusive, general, and original jurisdiction of all actions, proceedings, and remedies, civil, criminal, probate, and juvenile, except in cases where exclusive or concurrent jurisdiction is conferred upon some other court,

---

[1]The guardian ad litem did not file a brief.

tribunal, or administrative body."). "The legislature may prescribe regulations for the manner in which the jurisdiction is exercised, but it cannot limit the court's jurisdiction." *Schrier*, 573 N.W.2d at 244.

A court of equity has inherent power and jurisdiction in all proceedings involving the custody and care of minor children. *Helton v. Crawley*, 241 Iowa 296, 315, 41 N.W.2d 60, 71 (1950); *see also* Iowa Code §§ 252A.3(2), 598.21(4), 598.41, 600B.1, 600B.40. However, the district court in the present case held it did not have subject matter jurisdiction to rule on Heather's petition because it found Heather's adoptions of Caleb and Tori were invalid. The court seemed to suggest Heather did not have standing to file her petition because she was not the children's parent. *See Northbrook Residents Ass'n v. Iowa State Dept. of Health Office*, 298 N.W.2d 330, 331 (Iowa 1980) (noting "[s]ince standing is jurisdictional it can be raised at any time"). In any event, whether the issue is the district court's subject matter jurisdiction or Heather's standing, the ruling was premised on the court's collateral attack of the adoption decrees.

The district court held chapter 600, which governs adoptions, does not allow an unmarried adult to adopt a child without terminating the parental rights of both natural parents. *See* Iowa Code § 600.4 (stating the following persons may adopt: an unmarried adult; a husband and wife together; or a husband or wife separately if the adopting spouse is the stepparent of the person to be adopted); § 600.13(4) (stating "[a] final adoption decree terminates any parental rights, except those of a spouse of the adoption petitioner, existing at the time of its issuance and establishes the parent-child relationship between the adoption petitioner and the person petitioned to be adopted"). Because Jamie's rights were not terminated, the district court held the adoptions were not valid.

Section 600.3(2)(*b*) allows a child's step-parent to commence an action to adopt the child without first terminating the rights of the natural parent who is also the spouse of the adoption petitioner. The district court granting Heather's adoptions of the children treated Heather similar to a step-parent and expressly preserved Jamie's parental rights. Such a scenario is known as a "second parent adoption." *Conaway v. Deane*, 932 A.2d 571, 641 (Md. 2007). The district court granting the adoptions found terminating Jamie's rights to each child in order for Heather to adopt would "create an absurd result which would not be in the child's best interests." The court in both decrees referred to the mandate found in section 600.1 which requires chapter 600 to be "construed liberally" with "paramount consideration" being "the best interest of the person to be adopted."

Neither adoption was appealed. *See* Iowa Code § 600.14 (providing the rules for an appeal from any final order or decree rendered under chapter 600). We have repeatedly said a final judgment is conclusive on collateral attack, even if the judgment was erroneous, unless the court that entered the judgment lacked jurisdiction over the person or the subject matter. *See In re Estate of Falck*, 672 N.W.2d 785, 792 (Iowa 2003) ("Even though a judgment may be erroneous, if the court has jurisdiction over the person and the subject matter, the judgment is conclusive on collateral attack."); *Davis v. Rudolph*, 242 Iowa 589, 595, 45 N.W.2d 886, 890 (1951) (" 'It is also the established rule in this state that, where the court had jurisdiction both of the person and the subject matter, a judgment is conclusive against collateral attack, though it be erroneous.' " (quoting *Reimers v. McElree*, 238 Iowa 791, 796, 28 N.W.2d 569, 572 (1947))). An adoption decree may also be collaterally attacked by the child's natural parent on due process grounds. *See* 2 Am. Jur. 2d

*Adoption* § 148 (2004) (noting "[e]ven if there is a lack of consent and defect of notice as to one of the real or natural parents appearing on the face of the record, such defect constitutes merely lack of due process as to the parent not served, and the decree may be attacked only by the person affected by such procedural lack of due process").

In the present case, the district court issuing the adoption decrees had jurisdiction over the parties and the children. Because it was a court of general jurisdiction, it necessarily had subject matter jurisdiction to grant the adoptions. *See* Iowa Code § 600.3(1). Thus, the district court considering Heather's petition erred by invalidating the adoptions. We need not decide whether second parent adoptions are permissible in Iowa for purposes of this appeal. Even if the district court who issued the adoption decrees misinterpreted Iowa's adoption statute, the adoptions are not void. *See In re Infant Girl W.*, 845 N.E.2d 229, 246 (Ind. Ct. App. 2006) (stating probate courts have subject matter jurisdiction over all adoptions and another court may not treat an adoption decree as void simply because it questions the probate court's actions); *Goodson v. Castellanos*, 214 S.W.3d 741, 748 (Tex. App. 2007) ("Assuming without deciding that the district court erred in issuing the adoption decree, the error was based on an erroneous construction of statutes, and the judgment would be based on an erroneous holding of substantive law. These errors would not deprive the district court of jurisdiction over the adoption and would not render the decree void.").

As we have discussed, an adoption may only be collaterally attacked if the district court granting the adoption lacked jurisdiction over the person or subject matter, or on due process grounds by a natural parent. Since none of those circumstances exist, the district

court considering Heather's petition was wrong to declare the adoptions invalid.

### IV. Conclusion.

It was error to collaterally attack Heather's adoption of Caleb and Tori. Heather and Jamie are the children's legal parents. The district court had subject matter jurisdiction to determine their rights and responsibilities with respect to child custody, physical care, and support. We remand to the district court for further proceedings.

**REVERSED AND REMANDED.**