# IN THE COURT OF APPEALS OF IOWA

No. 14-0536
Filed June 10, 2015

**ELIZABETH DIETENBERGER,**
    Plaintiff-Appellee,

**vs.**

**DOMINICK MARCOTT,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Patrick R. Grady, Judge.

The party subject to a domestic abuse protective order challenges its one-year extension. **APPEAL DISMISSED.**

Jean C. Lawrence of Clinical Law Programs of the University of Iowa, Iowa City, for appellant.

Elizabeth Dietenberger, Marion, appellee pro se.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DOYLE, J.**

Following a hearing, the district court in February 2014 entered an order extending the Iowa Code chapter 236 (2013) protective order previously issued protecting Elizabeth Dietenberger from Dominick Marcott, the father of the parties' child. The modified order expired on January 10, 2015. Though Dominick timely appealed the modification order, the case was ultimately transferred to this court in April 2015, after the modification order had expired.

One of the issues asserted by Dominick is that the district court erred "in not taking into account the specific facts surrounding [his prior] violation of the protective order," which occurred after Dominick placed a phone call to Elizabeth in May 2013. He left a voice mail message stating: "Aw shit. . . Who'd I just butt dial? Ahh. . . Hell no. . . Man I'm in trouble now." Though Dominick asserted the call was an inadvertent "butt dial,"[1] he consented to the court's subsequent finding of contempt for making the call in violation of the protective order. Specifically, the order, signed by Dominick, stated he understood that if he had a

---

[1] The "butt dial" is an all-too familiar occurrence which plagues many cell phone users. As one court explained:

> Society has come to accept the fact that people often place inadvertent calls from their cell phones. This fact has become so well accepted that society has given the technological annoyance a name: the "pocket" or "butt" dial. *See* Pocket–Dial, http://www.urbandictionary.com/define.php?term=pocket+dial (last visited Jan. 24, 2014) ("When a person's cell phone . . . located in a pocket accidentally dials someone, unbeknownst to the person carrying it. The recipient of the call usually receives a very annoying, long and potentially incriminating message."). And society recognizes the consequences of a pocket dial. The online encyclopedia, Wikipedia.com, states that "[t]he caller is frequently unaware that the call has taken place, whereas the recipient of the call often hears background conversations and background noises. . . . Due to dialing of common numbers, the recipient is likely to know the caller, and may overhear conversations that the caller would not want them to hear." Pocket Dialing, http://en.wikipedia.org/wiki/Pocket_dial (last visited Jan. 24, 2014).

*Huff v. Spaw*, 995 F. Supp. 2d 724, 732 (E.D. Ky. 2014) (emphasis omitted).

hearing, Elizabeth would be required to prove to the court beyond a reasonable doubt that Dominick "willfully and intentionally violated the terms of the . . . [protective] order previously entered in this case." Dominick consented to the contempt finding, and he did not appeal the finding. He cannot now attack the court's finding. *See, e.g.*, *Schott v. Schott*, 744 N.W.2d 85, 88 (Iowa 2008) ("We have repeatedly said a final judgment is conclusive on collateral attack, even if the judgment was erroneous, unless the court that entered the judgment lacked jurisdiction over the person or the subject matter."); *State v. Sage*, 162 N.W.2d 502, 504 (Iowa 1968) ("A party to a criminal proceeding . . . , as a general rule, will not be permitted to allege an error . . . in which he himself acquiesced, or which was committed or invited by him . . . ."). In any event, the protective order having expired, Dominick's appeal is now moot. *See Crowell v. State Pub. Defender*, 845 N.W.2d 676, 681 (Iowa 2014) ("If an appeal no longer presents a justiciable controversy because the disputed issue has become academic or nonexistent, the appeal is ordinarily deemed moot."). Consequently, we dismiss the appeal.

**APPEAL DISMISSED.**