# IN THE COURT OF APPEALS OF IOWA

No. 19-1846
Filed September 2, 2020

IN RE THE MARRIAGE OF DONNA L. SULLINS
AND RAYMOND W. SULLINS

Upon the Petition of
DONNA L. SULLINS,
　　　　Petitioner-Appellee,

And Concerning
RAYMOND W. SULLINS,
　　　　Respondent-Appellant.

_____

　　　　Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.


　　　　Ray Sullins appeals the district court's denial of his renewed sanctions motion. **AFFIRMED.**


　　　　Ray Sullins, West Des Moines, self-represented appellant.

　　　　Jaclyn M. Zimmerman of Miller, Zimmerman, & Evans, P.L.C., Des Moines, for appellee.


　　　　Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

This is the fourth appeal arising from a dissolution of marriage proceeding involving Ray and Donna Sullins. *See In re Marriage of Sullins*, 715 N.W.2d 242, 250 (Iowa 2006); *In re Marriage of Sullins*, No. 19-0043, 2020 WL 1548494, at *1 (Iowa Ct. App. Apr. 1, 2020); *In re Marriage of Sullins*, No. 14-1153, 2015 WL 4935620, at *3–4 (Iowa Ct. App. Aug. 19, 2015). In this appeal, Ray Sullins challenges the district court's denial of a July 29, 2019 motion for sanctions. His several arguments are all variants of a contention that the district court "abused [its] discretion in finding" no merit to his sanctions motion. *See Harris v. Iowa Dist. Ct.*, 570 N.W.2d 772, 777 (Iowa Ct. App. 1997) (reviewing the ruling on a sanctions motion for an abuse of discretion).

The district court saw Sullins' July 29, 2019 sanctions motion for what it was—an impermissible collateral attack on a prior ruling. *See Schott v. Schott*, 744 N.W.2d 85, 88 (Iowa 2008) ("We have repeatedly said a final judgment is conclusive on collateral attack, even if the judgment was erroneous, unless the court that entered the judgment lacked jurisdiction over the person or the subject matter."). Specifically, the 2019 motion reprised assertions made in a 2018 motion styled a "resistance to preanswer motion to dismiss and for sanctions." The 2018 resistance and sanctions motion was resolved against Sullins.[1] As the district court stated, the 2018 ruling "repudiated [Sullins'] resistance and the claims he made," foreclosing reassertion of those claims. We discern no abuse of discretion in the court's conclusion.

---

[1] This court recently affirmed the 2018 dismissal order. *See Sullins*, 2020 WL 1548484, at *2.

In an abundance of caution, the court nonetheless reached the merits of Sullins' renewed sanctions motion. The court concluded, "Even assuming the issue of sanctions was not presented to nor addressed" in the ruling that was the subject of the third appeal, Sullins "would not prevail," because his sanctions motion lacked "factual[ ] support[ ]." Although the court did not need to reach the merits, neither its decision to do so nor its reasoning reflects an abuse of discretion. We affirm the district court's denial of Sullins' renewed sanctions motion.

Donna Sullins seeks $500 in appellate attorney fees. She did not file a responsive brief, but she asserts the fee represents "two hours of work performed on this case, primarily in consulting with client and answering client questions, etc." We exercise our discretion to grant her request. *See In re Marriage of Berning*, 745 N.W.2d 90, 94 (Iowa Ct. App. 2007). Ray Sullins shall pay Donna Sullins $500 in appellate attorney fees in conjunction with this appeal.

**AFFIRMED.**