**IN THE COURT OF APPEALS OF IOWA**

No. 21-1177
Filed June 29, 2022


**JESSE LEE McELROY,**
        Plaintiff-Appellant,

**vs.**

**MISTY JO SHEEDY,**
        Defendant-Appellee.
_____


        Appeal from the Iowa District Court for Wapello County, Myron Gookin,

Judge.


        A father appeals the dismissal of his modification petition in a child custody

case. **AFFIRMED.**


        Ryan J. Mitchell of Orsborn, Mitchell, Goedken & Larson, P.C., Ottumwa,

for appellant.

        Bryan J. Goldsmith and Carly M. Schomaker of Gaumer, Emanuel,

Carpenter & Goldsmith, P.C., Ottumwa, for appellee.


        Considered by May, P.J., and Greer and Chicchelly, JJ.

**MAY, Presiding Judge.**

Jesse McElroy appeals an order dismissing his child custody modification action. He contends Iowa maintains exclusive and continuing jurisdiction by agreement and operation of law. We affirm.

Jesse and Misty Sheedy are parents of C.M., who was born in 2011. In 2014, the court entered a child custody decree. It provided that Misty would have sole legal custody and physical care of C.M.

In 2016, Jesse filed a petition to modify the 2014 decree. But prior to trial, the parties were able to reach a compromise. The court entered an order memorializing the parties' agreement. Among other things, the order stated:

> The state of Iowa made the initial custody determination concerning the parties minor child pursuant to a December 3, 2014 decree of custody, visitation and support filed in Wapello County. The parties agree that by virtue of Iowa making the initial custody determination in this matter, Iowa shall maintain exclusive continuing jurisdiction concerning future modification of the child custody or visitation.

Four years later, Jesse filed this modification action. Misty moved to dismiss Jesse's petition because the State of Iowa no longer had jurisdiction. In an affidavit, Misty explained that she and C.M. had not lived in Iowa since 2016. Moreover, in the years since, Misty and C.M. had moved three times to accommodate Misty's husband's military career: first to Massachusetts, then to Arkansas, and then finally to Virginia. Misty submitted that C.M. "does not remember living in Iowa for the most part" and that he has "no connection to Iowa at this point aside from the family members that we visit two times per year."

The district court agreed with Misty and dismissed for lack of jurisdiction. Jesse appeals. Our review is de novo. *In re Jorgensen*, 627 N.W.2d 550, 554 (Iowa 2001).

This case is governed by Iowa's version of the Uniform Child-Custody Jurisdiction and Enforcement Act, which is codified at Iowa Code chapter 598B (2020). In particular, Jesse claims the district court erred by failing to recognize that it had "exclusive continuing jurisdiction" under section 598B.202. It provides, in relevant part:

> 1. . . . [A] court of this state which has made a child-custody determination . . . has exclusive, continuing jurisdiction over the determination until any of the following occurs:
> a. A court of this state determines that the child does not have, the child and one parent do not have, or the child and a person acting as a parent do not have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships.
> b. A court of this state or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in this state.

On appeal, Jesse raises two arguments as to why the district court had exclusive continuing jurisdiction. First, Jesse suggests that—in light of the parties' 2016 agreement that Iowa would maintain "exclusive continuing jurisdiction concerning future modification of the child custody or visitation"—he has a contractual right to jurisdiction in Iowa. We disagree. The general rule is well-known: parties cannot create subject matter jurisdiction by agreement. *See Schott v. Schott*, 744 N.W.2d 85, 87 (Iowa 2008). "Rather, subject matter jurisdiction is conferred by the constitution or a statute." *Id.* Here the statute on which jurisdiction

depends is section 598B.202. And nothing in section 598B.202 suggests that the parties' agreement—or lack thereof—decides whether jurisdiction exists.

Rather, as suggested above, section 598B.202(1) provides that where (as here) the district court has made an initial "child-custody determination," the court retains "exclusive continuing jurisdiction" over the case unless specified circumstances occur. Relevant here, paragraph 598B.202(1)(a) provides that jurisdiction ends if an Iowa court determines that the child does not have a "significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships."

Applying these standards here, we conclude Iowa courts no longer have jurisdiction. C.M. and Misty have not lived in Iowa since 2016—four years before Jesse brought this modification action. C.M. and his mother return to Iowa about twice yearly. C.M. has never attended school in Iowa. Nor has C.M. received medical care in the state since 2016. In short, C.M. maintains very few, if any, connections with Iowa besides the physical presence of his father and biannual trips to visit.

Given these circumstances, we agree with the district court that C.M. now lacks a "significant connection" with Iowa. *See* Iowa Code § 598B.202(1)(a). Likewise, we think substantial evidence relating to C.M.'s "care, protection, training, and personal relationships" is no longer present in Iowa because C.M. has been gone for such a lengthy and formative period of his life. *See id.*; *see also In re Marriage of Trevino*, No. 11-1381, 2012 WL 472882, at *3 (Iowa Ct. App. Feb. 15, 2012).

Because jurisdiction has ceased, the district court was obligated to dismiss, and we are obligated to affirm.

**AFFIRMED.**