CITY OF CEDAR RAPIDS,
Iowa, Appellant,

v.

JAMES PROPERTIES, INCORPORAT-
ED, Linn County, Iowa, and The Linn
County Conservation Board, Appel-
lees,

and

Sierra Club, Intervenor–Appellee.

No. 04–0738.

Supreme Court of Iowa.

Aug. 5, 2005.

Mohammad H. Sheronick, Cedar Rapids, for appellant.

David A. Elderkin of Elderkin & Pirnie, P.L.C., Cedar Rapids, for appellee Linn County Conservation Board.

Ronald W. Wendt of Nazette, Marner, Wendt, Knoll & Usher, LLP, Cedar Rapids, for appellee James Properties Incorporated.

Wallace L. Taylor, Cedar Rapids, for intervenor Sierra Club.

No appearance by Linn County, Iowa.

WIGGINS, Justice.

The City of Cedar Rapids claims it had extra-territorial jurisdiction to review a plat of survey filed by James Properties, Incorporated (James Properties) dividing a tract of land located within two miles of the city boundaries into two lots. The district court disagreed with the city and granted a motion for summary judgment denying the city the right to review the plat of survey. Because we agree that the city did not have extra-territorial jurisdiction to review the plat of survey under the laws in existence at the time James Properties filed the plat of survey, we affirm the judgment of the district court.

## I. Background Facts and Proceedings.

In January 2002, James Properties gifted approximately ninety-seven acres of land to Linn County, Iowa to be "included and managed as part of" the Rock Island Botanical Preserve. In February 2002, the Linn County Board of Supervisors passed a resolution finding that the gifted property was "appropriate to be used for some or all of the purposes" set forth in Iowa Code section 350.4 (2001).[1] The supervisors further found that the Linn County Conservation Board (Board) should manage the land under section 350.4.

In April 2002, James Properties filed plat of survey no. 932 with the county recorder dividing a parcel of land, which was also located near the preserve, into two parts. The plat of survey was a graphical representation of the survey of the parcels prepared by a registered land surveyor. The plat of survey included a complete and accurate description of each parcel in the plat. The first parcel, parcel A, consisted of 6.53 acres and the second parcel, parcel B, consisted of three acres. James Properties gifted parcel B to Linn County to be included and managed as part of the preserve. The supervisors passed a resolution relating to parcel B similar to the one passed concerning the ninety-seven acres gifted to the county in January 2002.

In May 2003, the city filed an action challenging the subdivision, plat, and transfer of parcel B alleging it had "extra-territorial jurisdiction to review and approve subdivision platting within two miles of its corporate limits." The city claimed the subdivision, plat, and transfer occurred in violation of Cedar Rapids Municipal Code chapter 31, and at no time did James Properties present the proposed plat or subdivision to the city for review and approval, including the imposition of reasonable terms and conditions. It further alleged the subdivision, plat, and transfer

---

1. Iowa Code section 350.4 provides:

    The county conservation board shall have the custody, control and management of all real and personal property heretofore or hereafter acquired by the county for public museums, parks, preserves, parkways, playgrounds, recreation centers, county forests, county wildlife areas, and other county conservation and recreation purposes. . . .

    Iowa Code § 350.4 (2001).

violated the provisions of Iowa Code chapter 354, which regulates the platting, division, and subdivision of land. The city demanded declaratory judgment to nullify the conveyance of the land and/or declaratory judgment that the purported subdivision and plat of land is subject to review and approval by the city. In the alternative, the city demanded a permanent injunction requiring the proposed plat of survey to be submitted to the city for review and approval, including the imposition of reasonable terms and conditions requiring James Properties to set aside a portion of the plat for future highway purposes. Finally, the city alleged that the violation of its municipal code constituted a municipal infraction. The district court allowed the Sierra Club to intervene.

The Board filed a motion for summary judgment. James Properties joined in the motion. The city resisted the motion and filed a cross motion for summary judgment. The district court granted the Board's motion for summary judgment in favor of James Properties, the Board, and Linn County. The city appeals.

## II. Issue.

The dispositive issue in this case is whether the city has extra-territorial jurisdiction to review the plat of survey as provided for in Iowa Code sections 354.8 and 354.9.

## III. Scope of Review.

■ Our review of a granting or denying of a motion for summary judgment is for correction of errors at law. *City of Fairfield v. Harper Drilling Co.*, 692 N.W.2d 681, 683 (Iowa 2005). We have stated:

If there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. We can resolve a matter on summary judgment if the record reveals a conflict only concerns the legal consequences of undisputed facts.

*Id.* (citations omitted).

■ This case entails statutory interpretation. In interpreting a statute, our goal is to determine the legislature's intent when it enacted the statute. *State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004). "'We do not speculate as to the probable legislative intent apart from the words used in the statute.'" *City of Fairfield*, 692 N.W.2d at 684 (citations omitted). If the language used in the statute is clear and unambiguous, the court applies a plain and rational meaning in harmony with the subject matter of the statute. *ABC Disposal Sys., Inc. v. Dep't of Natural Res.*, 681 N.W.2d 596, 603 (Iowa 2004).

## IV. Statutory Framework.

In April 2002, when James Properties filed its plat of survey, the Iowa Code provided "[a] city may establish jurisdiction to review *subdivisions* outside its boundaries pursuant to the provisions of section 354.9." Iowa Code § 354.8 (emphasis added). Section 354.9 stated:

If a city, which has adopted ordinances regulating the division of land, desires to review *subdivisions* outside the city's boundaries, then the city shall establish by ordinance specifically referring to the authority of this section, the area subject to the city's review and approval. The area of review may be identified by individual tracts, by describing the boundaries of the area, or by including all land within a certain distance of the city's boundaries, which shall not extend more than two miles distance from the city's boundaries. The ordinance establishing the area of review or modifying the area of review by a city, shall be recorded in the office

of the recorder and filed with the county auditor.

*Id.* § 354.9(1) (emphasis added).

Chapter 354 defines a subdivision as "a tract of land divided into three or more lots." *Id.* § 354.2(17). It defines a "subdivision plat" as

> the graphical representation of the subdivision of land, prepared by a registered land surveyor, having a number or letter designation for each lot within the plat and a succinct name or title that is unique for the county where the land is located.

*Id.* § 354.2(18). It also defines a "plat of survey" as

> the graphical representation of a survey of one or more parcels of land, including a complete and accurate description of each parcel within the plat, prepared by a registered land surveyor.

*Id.* § 354.2(15).

### V. Analysis.

■ As the district court found, the undisputed facts reveal James Properties filed a plat of survey, not a subdivision plat. The plat filed by James Properties divided the land into parcels, not lots. The surveyor named the plat by giving it a number, rather than a succinct name or title that is unique for the county.

■ A plat of survey is different from a subdivision or a subdivision plat. *See* Iowa Code § 355.7 (setting forth the requirements of a plat of survey); *id.* § 355.8 (setting forth the requirements of a subdivision plat). A plat of survey is required when an owner of a tract of land conveys a portion of the tract using a metes and bounds description describing the tracts sold and the tracts retained. *Id.* § 354.4(1). The purpose of the plat of survey is to inform the county auditor of the sale for the purposes of assessment

and taxation. *Id.* It is only required when a conveyance divides a tract of land.

A subdivision plat is required when an owner subdivides a tract of land into three or more parcels. Iowa Code § 354.6. The purpose of a subdivision plat is to prepare a tract of land for development. The subdivision plat is required to show each lot, easements necessary for the orderly development of the land, streets, alleys, parks, open spaces, school property, and other areas of public use within the plat. *Id.* It is not prepared in connection with a conveyance.

The clear and unambiguous intent of the legislature in enacting sections 354.8 and 354.9 was to give a city extra-territorial jurisdiction over subdivisions located within two miles of the city's boundaries. The Code definition of a subdivision is "*a tract of land divided into three or more lots.*" Iowa Code § 354.2(17) (emphasis added). A person creates a subdivision by filing a subdivision plat. *Id.* §§ 354.6, 354.18. James Properties divided its tract of land into only two lots and filed a plat of survey with the recorder in April 2002. Consequently, the provisions of chapter 354 did not furnish the city with extra-territorial jurisdiction to review and approve the James Properties plat of survey.

■ The city argues it had extra-territorial jurisdiction to review the plat under chapter 31 of its municipal code. Chapter 31 defines a subdivision as "[l]and divided into two or more parcels or lots." Cedar Rapids Mun.Code § 31.02(*a*)(36). Section 31.01 provides "[p]ursuant to the authority of chapter 354 of the state code (1997) and applicable 28E agreements with other jurisdictions, the city shall review subdivisions outside its corporate limits." Cedar Rapids Mun.Code § 31.01(*b*). The city contends its home-rule authority allows it to expand the definition of subdivision as contained in Iowa Code section 354.2(17),

which defines a subdivision as a tract of land divided into *three* or more lots, to include land divided into *two* or more lots by enacting these provisions in its municipal code.

Our Iowa Constitution grants municipal corporations "home rule power and authority, not inconsistent with the laws of the general assembly, to determine their local affairs and government...." Iowa Const. art. III, § 38A. In light of the amendments to section 354.9 that took effect on July 1, 2002, it would be inconsistent with chapter 354, as it existed in April 2002, to allow the city extra-territorial jurisdiction to review the plat of survey filed by James Properties.

Effective July 1, 2002, the legislature amended sections 354.8 and 354.9. The legislature amended section 354.8 by adding the following unnumbered paragraph:

A city may establish jurisdiction to review *subdivisions or plats of survey* outside its boundaries pursuant to the provisions of section 354.9. In the case of a city, the provisions of this section apply to the review by the city of both *subdivision plats and plats of survey.*

2002 Iowa Acts ch. 1132, § 2 (codified at Iowa Code § 354.8 (2003)) (emphasis added). Prior to the amendment, section 354.8 stated, "A city may establish jurisdiction to review *subdivisions* outside its boundaries pursuant to the provisions of section 354.9." Iowa Code § 354.8 (emphasis added). The legislature deleted this sentence when it amended section 354.8 by adding the language contained in the unnumbered paragraph.

The legislature also amended section 354.9(1) by inserting the words "subdivision plats or plats of survey for divisions" in the first sentence. 2002 Iowa Acts ch. 1132, § 3 (codified at Iowa Code § 354.9(1) (2003)). After the amendment, section 354.9(1) stated:

If a city, which has adopted ordinances regulating the division of land, desires to review *subdivision plats or plats of survey for divisions* or subdivisions outside the city's boundaries, then the city shall establish by ordinance specifically referring to the authority of this section, the area subject to the city's review and approval. The area of review may be identified by individual tracts, by describing the boundaries of the area, or by including all land within a certain distance of the city's boundaries, which shall not extend more than two miles distance from the city's boundaries.

Iowa Code § 354.9(1) (2003) (new language emphasized). The explanation to the bill stated:

Code sections 354.8 and 354.9 are amended to give a city council authority to review for approval divisions of land lying within their jurisdiction outside the city's boundaries for which a *plat of survey* has been prepared. *Current law gives them authority only to review subdivision plats.*

H.F. 582, 79 G.A. (2001) (emphasis added).

We give weight to explanations attached to bills as indications of legislative intent. *State ex rel. Chwirka v. Audino,* 260 N.W.2d 279, 284–85 (Iowa 1977); *City of Altoona v. Sandquist,* 230 N.W.2d 507, 509 (Iowa 1975). Additionally, an amendment to a statute raises a presumption that the legislature intended a change in the law. *Midwest Auto. III, LLC v. Iowa Dep't of Transp.,* 646 N.W.2d 417, 425–26 (Iowa 2002).

Prior to the 2002 amendments, the legislative intent expressed in sections 354.8 and 354.9 was only to give a city extra-territorial jurisdiction to review subdivisions, which the legislature defined as "a tract of land divided into three or more

lots" and was created by filing a subdivision plat. A city reviewed a proposed subdivision by reviewing the subdivision plat. After the enactment of the 2002 amendments, the legislative intent was to expand a city's extra-territorial jurisdiction to include the review of plats of survey.

The statutory framework in effect in April 2002 granted the city extra-territorial jurisdiction to review subdivisions by reviewing subdivision plats, but not plats of survey. Therefore, state law did not authorize the city to exercise extra-territorial jurisdiction to review plats of survey and, in fact, the city's exercise of its extra-territorial jurisdiction to review plats of survey would be inconsistent with the statutory framework in place in April 2002. Home-rule authority cannot support the city's extra-territorial jurisdiction over plats of surveys because home-rule authority extends only to power and authority *not inconsistent* with state law. For these reasons, the city did not have extra-territorial jurisdiction to review the James Properties plat of survey.

## VI. Disposition.

We affirm the judgment of the district court granting the Board's motion for summary judgment because the city did not have extra-territorial jurisdiction to review the James Properties plat of survey under sections 354.8 and 354.9 of the Code in effect at the time James Properties filed its plat of survey.

**AFFIRMED.**