# IN THE COURT OF APPEALS OF IOWA

No. 14-1697
Filed August 5, 2015

**ALLAN SMITH,**
        Plaintiff-Appellant,

**vs.**

**DAVID J. SMITH,**
        Defendant-Appellee.
_____

        Appeal from the Iowa District Court for Dickinson County, Nancy L. Whittenburg, Judge.


        Allan Smith appeals the district court's grant of summary judgment.
**AFFIRMED.**


        David J. Dutton, James R. Hellman, and Erin Patrick Lyons of Dutton, Braun, Staack & Hellman, P.L.C., Waterloo, for appellant.

        Stephen F. Avery and Andrea M. Smook of Cornwall, Avery, Bjornstad, Scott & Davis, Spencer, for appellee.


        Considered by Tabor, P.J., McDonald, J., and Eisenhauer, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**EISENHAUER, S.J.**

Allan Smith appeals the district court's grant of summary judgment to David Smith. Allan claims the district court erred in finding the doctrine of issue preclusion barred his claim. Allan contends the issue in the current action is not identical to the issues in his previous action and, therefore, the district court erred in granting David's motion for summary judgment. We affirm the district court's ruling pursuant to Iowa Court Rule 21.26(1) (a), (d), and (e).

We adopt the district court's statement of the background facts and proceedings:

> Plaintiff Allan Smith (hereinafter "Allan") and Defendant Dr. David Smith (hereinafter "David") are brothers. Allan is employed as a farmer in Howard County, Iowa. David is the superintendent of the Spirit Lake Community School District. The parties' parents, father Clem J. Smith (hereinafter "Clem") and mother Judy Ann Smith (hereinafter "Judy"), are deceased. Clem passed away on December 4, 2013, and Judy passed on June 21, 2013. Clem and Judy had five children living at the time of their death: Allan, David, Donald Smith (hereinafter "Donald"), Jean Kreitzer (hereinafter "Jean"), and Carol Smith (hereinafter "Carol").
>
> Prior to Clem's death, Allan and Clem farmed together on a cash rent and sharing of work arrangement. As part of the shared arrangement, Allan and Clem occasionally purchased and owned farm equipment jointly and shared the use of equipment in their farming operation. Sons David and Donald were never involved in Allan and Clem's farming operation.
>
> Clem and Judy executed estate plans on December 29, 2009. The estate planning consisted of a Family Trust. Clem and Judy named themselves as Trustees of their own trusts. As part of the estate plan, Clem and Judy transferred one thousand (1000) acres of jointly owned farmland in Howard County, Iowa, along with other farm assets, to the trusts by warranty deed. Upon the deaths of Clem and Judy Smith, the trust provided that the farm real estate would be divided equally between Allan, David and Donald, and the farm machinery, equipment and tools in the estate would be divided equally between Allan and Donald.
>
> On August 2, 2011, Clem and Judy signed a real estate contract for the sale of an undivided two-thirds interest in their farm real estate together with machinery, tools and equipment to David

for $1.8 million.  Allan contends the price David paid for the farm is substantially below the real estate's fair market value.  Also on August 2, 2011, Clem and Judy deeded one-third of their farm real estate to David as a gift.

On March 21, 2012, Allan Smith brought suit against his brothers David and Donald in Howard County, Iowa. . . . Allan's petition alleged seven counts against his brothers: (1) unconscionability; (2) tortious interference with business; (3) tortious interference with inheritance; (4) intentional and/or negligent infliction of emotional distress; (5) conversion; (6) request for injunction; and (7) corporate veil/alter ego/fraudulent conveyance allegations.  On December 10, 2012, the Iowa District Court for Howard County, Iowa, heard oral argument on Defendants' Motions for Summary Judgment.  On December 26, 2012, the Honorable Judge Margaret L. Lingreen granted summary judgment in favor of both David and Donald Smith as to all seven counts.  Allan appealed the District Court's ruling granting summary judgment to the Iowa Court of Appeals.  The Iowa Court of Appeals issued a ruling[1] affirming the District Court's decision to sustain the Defendants' summary judgment motions on August 21, 2013.  The Iowa Supreme Court denied Allan's Application for Further Review on November 4, 2013.

The Plaintiff filed a Petition at Law naming David as the Defendant in the present case on June 6, 2014.  In the Petition, Allan alleges the sole claim of Tortious Interference with Inheritance.  The Defendant filed a Motion for Summary Judgment on July 10, 2014, arguing the present action is precluded by the final determinations in the Howard County case based on the doctrines of claim preclusion and issue preclusion.

On September 25, 2014, the district court granted David's motion for summary judgement and dismissed Allan's petition.  The court found Allan's claim was barred under the doctrine of issue preclusion because Allan's prior claims for intentional interference with contractual/business relations decided the issue of David's intent in purchasing his parents' land.  Allan now appeals.

We review rulings on motions for summary judgment for the correction of errors at law.  *City of Cedar Rapids v. James Props., Inc.*, 701 N.W.2d 673, 675

---

[1] *Smith v. Smith*, No. 13–0063, 2013 WL 4502320, (Iowa Ct. App. Aug. 21, 2013).

(Iowa 2005). A genuine issue of material fact exists if reasonable minds can differ on how an issue should be resolved. *Seneca Waste Solutions, Inc. v. Sheaffer Mfg. Co.*, 791 N.W.2d 407, 411 (Iowa 2010). "Whether the elements of issue preclusion are satisfied is a question of law." *Grant v. Iowa Dep't of Human Servs.*, 722 N.W.2d 169, 173 (Iowa 2006). Issue preclusion therefore is appropriately adjudicated by summary judgment. *See, e.g., Brown v. Monticello St. Bank*, 360 N.W.2d 81, 84 (Iowa 1984).

Allan claims the issues in his current action are not identical to the issues in his previous action and, therefore, the district court erred in granting David's motion for summary judgment. "In general, the doctrine of issue preclusion prevents parties to a prior action in which judgment has been entered from relitigating in a subsequent action issues raised and resolved in the previous action." *Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981) (footnote omitted). In order for issue preclusion to apply, four prerequisites must be established:

> (1) the issue concluded must be identical; (2) the issue must have been raised and litigated in the prior action; (3) the issue must have been material and relevant to the disposition of the prior action; and (4) the determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.

*Id.* (internal citations and quotation marks omitted).

After reviewing the record, and the ruling in Allan's previous case in Howard County, we agree with the district court's application of law and find the issue of whether the defendant's real estate transaction with his father was done with tortious intent was raised and decided in the prior action and cannot be litigated again in this matter. Consequently, the plaintiff is precluded from

establishing a material element of his claim in this case, and the defendant is entitled to judgment as a matter of law.  We affirm the district court's grant of summary judgment to David.

**AFFIRMED.**