# IN THE COURT OF APPEALS OF IOWA

No. 16-0928
Filed February 8, 2017

**WENDI M. WENDT,**
        Petitioner-Appellee,

**vs.**

**ALLAN MADISON MEAD,**
        Respondent-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Michael D. Huppert,

Judge.


Respondent appeals from an order extending an order of protection

entered pursuant to Iowa Code chapter 236 (2016).  **AFFIRMED.**



Diane L. Dornburg of Carney & Appleby, P.L.C., Des Moines, for

appellant.

Carmen E. Eichmann of Eichmann Law Firm, Des Moines, for appellee.


Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

In 2015, Wendi Wendt sought a protective order pursuant to Iowa Code chapter 236 (2015). Without holding a contested hearing, upon stipulation of the parties, the district court entered a mutual protective order. In 2016, Wendt applied for and obtained a one-year extension of the mutual protective order. Allan Mead challenges the extension order in this appeal.

Chapter 236 proceedings are heard in equity. *See Knight v. Knight*, 525 N.W.2d 841, 843 (Iowa 1994). Our review is de novo. *See id.*; Iowa R. App. P. 6.907. "We examine both the law and the facts, and we adjudicate anew those issues properly preserved and presented for appellate review." *Nowell v. Nowell*, No. 15-2086, 2016 WL 5930896, at *1 (Iowa Ct. App. Oct. 12, 2016). Although we adjudicate anew those issues properly preserved and presented for appellate review, we afford the district court deference. *See In re Marriage of Kleist*, 538 N.W.2d 273, 278 (Iowa 1995) ("[W]e give considerable weight to the sound judgment of the trial court who has had the benefit of hearing and observing the parties firsthand."); *In re Marriage of Diischer*, No. 15-2103, 2016 WL 5930912, at *1 (Iowa Ct. App. Oct. 12, 2016); *In re Marriage of Wood*, No. 15-2204, 2016 WL 4384407, at *1 (Iowa Ct. App. Aug. 17, 2016) ("We do give some deference to the decision of the district court where specific, non-generalized findings and conclusions have been made.").

Chapter 236 is to be liberally construed to effect its important protective purposes. *See Krischke v. Iowa Dist. Ct.*, No. 03-0569, 2004 WL 1393956, at *2 (Iowa Ct. App. June 23, 2004). A party seeking a protective order pursuant to chapter 236 must prove by a preponderance of the evidence that the respondent

committed "domestic abuse."  *See* Iowa Code § 236.4(1) ("[T]he plaintiff must prove the allegation of domestic abuse by a preponderance of the evidence."); Iowa Code § 236.5(1) (providing that relief is available only "[u]pon a finding that the defendant has engaged in domestic abuse").  "'Domestic abuse' means committing an assault as defined in Iowa Code section 708.1" where the victim and assailant have a domestic relationship as set forth in chapter 236.  *See* Iowa Code § 236.2(2).  Once a protective order has been entered, the protected party may apply for an extension of the protective order.  The petitioning party must show by a preponderance of the evidence "the defendant continues to pose a threat to the safety of the victim, persons residing with the victim, or members of the victim's immediate family."  Iowa Code § 236.5(2); *see* Iowa R. App. P. 6.904(3)(f) (establishing burden of proof).  The number of extensions is not limited.  *See* Iowa Code § 236.5(2).

Mead first contends the extension order should be vacated because the district court did not make a finding of domestic abuse as a prerequisite to issuance of the protective order or the extension order.  Mead is correct in his assertion that there has been no finding he committed domestic abuse.  Wendt filed her petition for relief from domestic abuse, but the matter was not resolved following a contested hearing.  Instead, the district court entered a mutual protective order upon stipulation of the parties.  The mutual protective order did not contain a finding of domestic abuse.  The district court did hold a contested hearing on Wendt's petition to extend the order.  At the hearing, however, the district court noted there had been no previous finding of domestic abuse "and that continues to be the position of the court."

The original protective order and the extension order are defective in two respects. First, neither order was predicated on a finding of domestic abuse. A finding of domestic abuse "is a prerequisite to any relief afforded under chapter 236." *Huntley v. Bacon*, No. 16-0044, 2016 WL 3271874, at *3 (Iowa Ct. App. June 15, 2016). Second, Iowa Code section 236.20 provides a court "shall not issue mutual protective orders against the victim and the abuser unless both file a petition requesting a protective order." Mead never filed a petition requesting a protective order. The district court was thus without authority to enter the mutual protective order.

Neither of the above-stated defects entitles Mead to any relief. The identified defects in the order of protection and extension implicate the district court's authority to act and not its jurisdiction. "[A] court's lack of authority is not conclusively fatal to the validity of an order." *Klinge v. Bentien*, 725 N.W.2d 13, 16 (Iowa 2006). An order entered without authority is voidable rather than void. *See id.* The distinction is critical. Unlike a question of jurisdiction, which can be raised at any time, a question of authority must be timely raised and preserved for appellate review. *See id.* Here, Mead did not challenge the entry of the protective order in the first instance. He also did not raise these particular issues in resisting the petition to extend the protective order. The issues are not preserved for our review.

Mead did contest whether Wendt proved the need for the extension of the protective order. The statute required Wendt to prove by a preponderance of the evidence that "the defendant continues to pose a threat to the safety of the victim, persons residing with the victim, or members of the victim's immediate

family." Iowa Code § 236.5(2). The text of the statute indicates this is an objective inquiry rather than a subjective inquiry. Other states have reached similar conclusions regarding similar statutes. *See, e.g., Ritchie v. Konrad*, 10 Cal. Rptr. 3d 387, 397 (Cal. Ct. App. 2004) ("We conclude that in California, as in the rest of the country, an objective test must be satisfied before a protective order is renewed in contested cases."); *Giallanza v. Giallanza*, 787 So. 2d 162, 164 (Fla. Dist. Ct. App. 2001) (requiring showing of either additional domestic violence or that victim "has a continuing reasonable fear of being in imminent danger of becoming the victim of domestic violence"); *Baird v. Baird*, 234 S.W.3d 385, 387 (Ky. 2007) (holding "there must be some showing of a continuing need" for order); *Lamele v. Asselin*, 831 N.E.2d 324, 330 (Mass. 2005) ("Typically, the inquiry will be whether a plaintiff has a reasonable fear of 'imminent serious physical harm.'" (citation omitted)); *but see Forehand v. Forehand*, 767 S.E.2d 125, 128 (N.C. Ct. App. 2014) (considering plaintiff's "subjective fear of defendant").

On the limited record presented here, there was sufficient evidence to establish Mead posed a continuing threat. Wendt credibly testified she remained in fear of Mead and Mead himself testified he believed her fear of him was sincere. *See Clark v. Pauk*, No. 14-0575, 2014 WL 6682397, at *3 (Iowa Ct. App. Nov. 26, 2014) (considering victim's "concern[] about [abuser's] violent past"); *Doyle v. Doyle*, No. 13-0753, 2013 WL 6405474, at *3 (Iowa Ct. App. Dec. 5, 2013) (considering whether "a real sense of fear existed"); *Sims v. Rush*, No. 10-0237, 2010 WL 3503943, at *4 (Iowa Ct. App. Sept. 9, 2010) (affirming extension "[b]ased on Sims's existing fear"); *In re Alatorre*, No. 01-0045, 2002

WL 576171, at *2 (Iowa Ct. App. Feb. 20, 2002) (considering victim's "fearful demeanor during the hearing"); *Gehrke v. Gehrke*, 115 A.3d 1252, 1257 (Me. 2015) (discussing victim's lingering fear in context of whether defendant "demonstrate[d] a continued threat of abuse"). The allegations in the initial petition—untested in a contested hearing—would be sufficient to demonstrate a history of domestic abuse. A history of domestic abuse, in and of itself, under some circumstances may be enough to establish a continuing threat. *See Cueto v. Dozier*, 193 Cal. Rptr. 3d 663, 671 (Cal. Ct. App. 2015) ("As the *Ritchie* court recognized, the facts supporting the initial restraining order 'often will be enough in themselves to provide the necessary proof to satisfy the test.'" (citing *Ritchie*, 10 Cal. Rptr. 3d at 387)); *Cruz-Foster v. Foster*, 597 A.2d 927, 930 (D.C. 1991) (stating "the past history of the case is critical to the determination whether" victim proved her case by preponderance of the evidence); *Sims*, 2010 WL 3503943, at *3 (considering testimony about abuse prior to parties' separation); *Gehrke*, 115 A.3d at 1257 ("In this context, a court's consideration of evidence of earlier abuse is appropriate, particularly when preceding orders were entered without the court making particularized factual findings or were entered by agreement of the parties without any finding of abuse.").

Wendt asks for appellate attorney fees. *See* Iowa Code § 236.5(4). Such an award is not a matter of right but rests within the discretion of the court. *See id.* Upon consideration of her request, we deny it.

**AFFIRMED.**