# IN THE COURT OF APPEALS OF IOWA

No. 23-0076
Filed December 6, 2023


**U.S. BANK NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER OF U.S. BANK NATIONAL ASSOCIATION ND,**
        Plaintiff-Appellant,

**vs.**

**DON W. LANGMAID, JR., MARILYN L. LANGMAID, DON W. LANGMAID, JR. and MARILYN LEE LANGMAID REVOCABLE TRUST, KIRK LANGMAID, THERESA LANGMAID, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., QUICKEN LOANS, LLC, n/k/a ROCKET MORTGAGE, LLC, and PARTIES IN POSSESSION,**
        Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Jasper County, Stacy Ritchie, Judge.


        U.S. Bank appeals a district court ruling dismissing its petition with prejudice for lack of subject matter jurisdiction. **REVERSED AND REMANDED WITH INSTRUCTIONS.**


        Donald J. Pavelka Jr. of Locher Pavelka Dostal Braddy & Hammes, LLC, Council Bluffs, for appellant.

        David J. Hellstern of Sullivan & Ward, P.C., West Des Moines, for appellees Don W. Langmaid Jr, Marilyn L. Langmaid, Don W. Langmaid Jr. and Marilyn Lee Langmaid Revocable Trust, Kirk Langmaid, and Theresa Langmaid.

        Scott A. Hall of Carney & Appleby, PLC, Des Moines, for appellee Quicken Loans, LLC, n/k/a Rocket Mortgage, LLC.


        Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**BOWER, Chief Judge.**

U.S. Bank appeals a district court ruling dismissing with prejudice its foreclosure petition against Don Langmaid; Marilyn Langmaid; Don W. Langmaid and Marilyn Lee Langmaid Revocable Trust; Kirk Langmaid; Theresa Langmaid; and Quicken Loans, LLC (collectively, the Langmaids), regarding property owned by Don and Marylin. U.S. Bank contends, because the district court lacked subject matter jurisdiction, it could not make a ruling on whether a homestead exemption exists. U.S. Bank also contests the ruling any future petition is subject to the two-dismissal rule enumerated in Iowa Rule of Civil Procedure 1.943. We reverse and remand with instructions.

## I.   *Background Facts and Proceedings*

In a petition filed in 2019, U.S. Bank sought foreclosure of the Langmaids' real estate in Jasper County. The parties settled, and the case was voluntarily dismissed by U.S. Bank.

At issue here is a petition filed in June 2022 for foreclosure on the same property, again filed by U.S. Bank. The Langmaids filed a pre-answer motion to dismiss, claiming the property was agricultural property and therefore subject to pre-foreclosure farm mediation pursuant to Iowa Code section 654A.6(1)(a) (2022).

The district court granted the Langmaids' motion to dismiss. U.S. Bank appeals, claiming the court should have dismissed the case without prejudice rather than with prejudice.

## II.   *Standard of Review*

We review rulings on subject matter jurisdiction for errors at law.  *Shaefer v. Putnam*, 841 N.W.2d 68, 74 (Iowa 2013).  A court has inherent power to determine whether it has jurisdiction over the subject matter of the proceedings before it.  *Klinge v. Bentien*, 725 N.W.2d 13, 15 (Iowa 2006).

## III.   *Subject Matter Jurisdiction*

Iowa Code section 654A.6(a)(1) reads, "A creditor . . . desiring to initiate a proceeding to enforce a debt against agricultural property which is real estate under chapter 654 . . . shall file a request for mediation with the farm mediation service."  Neither party disputes the district court finding this property is agricultural property, and U.S. Bank acknowledges they failed to request mediation under the statute.  The only issue before us is whether the district court erred when it dismissed the petition with prejudice for lack of lacked subject matter jurisdiction.  In deciding to dismiss with prejudice, the district court relied on Iowa Rule of Civil Procedure 1.943, titled "Voluntary Dismissal," which reads:

> A party may, without order of court, dismiss that party's own petition . . . at any time up until ten days before the trial is scheduled to begin. . . .  A dismissal under this rule shall be without prejudice, unless otherwise stated; but if made by any party who has previously dismissed an action against the same defendant, in any court of any state or of the United States, including or based on the same cause, unless otherwise ordered by the court, such dismissal shall operate as an adjudication against that party on the merits, in the interests of justice.

The district court found it was required to dismiss the petition based on lack of subject matter jurisdiction:

> [T]his [forty]-acre plat of land described in the legal description is agricultural property as defined by [Iowa Code section] 654A.1, and [U.S. Bank] has therefore failed to:

> a. file a request for farm mediation . . .;
> b. receive a farm mediation release . . . '
> c. give [the Langmaids] proper deadlines for a notice to cure . . . [and];
> d. give [the Langmaids] a proper deadline for a notice to accelerate . . . .
> These errors, specifically regarding the farm mediation requirements . . . are jurisdictional prerequisites to a creditor filing action, meaning without them, this court is without jurisdiction to hear this matter, and this matter must therefore be dismissed.

The district court further found the dismissal should be with prejudice: "Pursuant to Iowa Rule of Civil Procedure 1.943 and 1.946, and finding that this Property is protected as a homestead, and that Plaintiff does not have a signed homestead exemption in its Mortgage, this matter should therefore be dismissed with prejudice."

We determine the district court acted beyond its power in making the second part of this ruling. After finding it lacked subject matter jurisdiction, the district court impermissibly made findings of fact and conclusions on the merits of the case. *See State v. Rutherford*, ___ N.W.2d ___, ___, 2023 WL 7237087, at *2 (Iowa 2023) (noting "[w]ithout jurisdiction the court cannot proceed at all in any cause" (citation omitted)). The district court's conclusion the property is protected as a homestead was a ruling on the merits.

The district court's application of rule 1.943 was incorrect. Since the district court dismissed U.S. Bank's petition, it could not consider a voluntary dismissal as contemplated by rule 1.943. The proper analysis here is found solely in rule 1.946: "All dismissals not governed by rule 1.943 or *not for want of jurisdiction* or improper venue, shall operate as adjudications on the merits unless they specify otherwise." (Emphasis added.) It is clear from the plain language of the rule that dismissals

for lack of subject matter jurisdiction are to be without prejudice, as lack of jurisdiction is one of only two exceptions to a dismissal constituting a judgment on the merits.

The Langmaids argue *ACC Holdings, LLC v. Rooney* should control. 973 N.W.2d 851, 853–55 (Iowa 2022). In *ACC Holdings*, after voluntarily dismissing two previous suits for forcible entry and detainer (FED), a tax deedholder filed a third complaint on the same grounds. *Id.* at 852–53. The supreme court found the second voluntary dismissal was an adjudication on the merits under rule 1.943 and therefore held the case should be dismissed with prejudice. *Id.* at 854. Specifically, the Langmaids claim the following hypothetical, posed in dicta of the opinion, should inform our conclusions here:

> Finally, consider a thought experiment. Suppose a district court had *involuntarily* dismissed the second FED action. Would a district court have allowed ACC to bring a third FED action based merely on the same tax deed and the same continued occupancy? We think clearly not. Accordingly, rule 1.943 barred ACC's third FED action, and it was error for the district court to conclude otherwise.

*Id.* at 855 (footnote omitted). We disagree. *ACC Holdings* deals with voluntary dismissals. The Langmaids argue rule 1.943 should apply to the involuntary dismissal here, but the plain text of rule 1.943 cuts against their claim. In *ACC Holdings*, the supreme court refers to involuntary dismissals other than those specifically set aside in rule 1.943, namely dismissals due to want of jurisdiction or improper venue. Therefore, application of the principles espoused in *ACC Holdings* would be improper here.

We reverse the district court and remand for dismissal without prejudice in accordance with this ruling.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**