# IN THE SUPREME COURT OF IOWA

No. 12–1636

Filed November 1, 2013

**STATE OF IOWA,**

Appellee,

vs.

**COREY DOUGLAS DRISCOLL,**

Appellant.

Appeal from the Iowa District Court for Jackson County, Paul L. Macek, Judge.

A criminal defendant appeals the denial of his application for an order satisfying restitution. **REVERSED AND REMANDED WITH INSTRUCTIONS.**

Joshua J. Reicks and Steven J. Kahler of Schoenthaler, Bartelt, Kahler & Reicks, Maquoketa, for appellant.

Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Christopher M. Raker, County Attorney, and Sara D. Davenport, Assistant County Attorney, for appellee.

**APPEL, Justice.**

In this case, we consider whether amounts paid by an offender pursuant to settlement agreements in civil wrongful-death actions prior to the offender's criminal conviction and sentencing should be set off against restitution orders entered as a result of the criminal convictions. The district court held that the amounts paid by the tortfeasor should not be set off against the subsequent restitution order. We conclude the criminal defendant is entitled to set off the amounts paid to settle the civil claims. We therefore reverse and remand the case to the district court with instructions.

### I. Factual and Procedural Background.

On August 14, 1999, Corey Driscoll was the driver in a single-vehicle accident that resulted in the deaths of Mark Empen and Lindsay Gibbs. On September 24, the State charged Driscoll with two counts of homicide by vehicle as a result of the accident.

On April 26, 2000, prior to the resolution of his criminal proceeding, Driscoll entered into a civil-settlement agreement with the Estate of Mark Empen pursuant to which Driscoll agreed to pay $130,000 in exchange for a release of claims resulting from the accident. The release stated Empen's estate

> do[es] hereby release, acquit and forever discharge Corey Driscoll of and from any and all actions, causes of action, claims, demands, costs, loss of services, loss of consortium, expenses and compensation, on account of, or in any way growing out of, any and all known and unknown personal injuries and property damage resulting or to result from an accident that occurred on or about the 14th day of August, 1999, at or near Bellevue, Iowa.

The beneficiaries of Empen's estate consented to the settlement. The district court approved the settlement and authorized the execution of the release.

On May 8, Driscoll entered into a somewhat different settlement with the Estate of Lindsay Anne Gibbs. This release provided that in exchange for Driscoll's payment of $165,000, Gibbs's estate and her heirs

> do hereby forever release, acquit, and discharge, Corey Driscoll, his heirs, successors, and assigns, and Farm Bureau Mutual Insurance Company, and its agents and representatives, from all claims of every type and description which in any way arise out of or are related to an incident which occurred on or about August 14, 1999 . . . .

As with the Empen settlement, the district court approved the Gibbs settlement.

On August 25, Driscoll entered a guilty plea to both counts of homicide by vehicle. The district court sentenced Driscoll to an indeterminate term of incarceration not to exceed ten years on each count and ordered the sentences be served concurrently. The district court also ordered Driscoll "to pay restitution to the families of the victims in the amount of $150,000.00 on each count" and to pay fines, penalties, and surcharges in the amount of $2600. In January 2001, the department of corrections filed a restitution plan that increased the total amount due by $210.85 for additional fines, penalties, and surcharges.

In early July 2003, the department of corrections informed county law enforcement officials that Driscoll would be released on parole in the near future. On October 16, Driscoll signed a restitution plan of payment setting forth the restitution due as $301,638.79.[1]

On April 13, 2004, the district court entered an order finding Driscoll was unable to pay the $2810.85 due for court costs and fees.

---

[1]This amount reflected the original court-ordered payments, the $210.85 additional court costs, and later-added sheriff's fees less the total restitution paid as of October 16, 2003.

The district court ordered Driscoll to satisfy this obligation through community service. This order did not mention the $300,000 due for victim restitution. Driscoll's probation officer informed the district court on April 6, 2005, that Driscoll had fulfilled the required community service hours.

On June 26, 2012, Driscoll applied to the district court for an order stating he had satisfied his restitution obligation. Driscoll argued that under Iowa Code section 910.8 and this court's decision in *State v. Klawonn*, 688 N.W.2d 271 (Iowa 2004), the settlement amounts paid to the estates of Empen and Gibbs should be set off against the restitution amounts ordered to be paid to the families by the district court.

The State resisted the application. The State asserted *Klawonn* did not provide for the setoff claimed by Driscoll under section 910.8 because Driscoll settled the civil suits before the district court ordered him at sentencing to pay restitution.

Following a hearing, the district court denied Driscoll's application. The district court reasoned that the settlements were not the result of a civil action, occurred prior to the criminal sentencing, and thus could not be the basis of a setoff against the restitution order. The district court further reasoned that if the application were granted, Driscoll would not receive the rehabilitative or punitive effects of restitution if his automobile insurance carrier paid part or all of his restitution obligations.

Driscoll appeals.

**II. Scope of Review.**

We review a restitution order for correction of errors at law. *Klawonn*, 688 N.W.2d at 274; *State v. Watts*, 587 N.W.2d 750, 751 (Iowa 1998). In doing so, " 'we determine whether the court's findings lack

substantial evidentiary support, or whether the court has not properly applied the law.'" *Klawonn*, 688 N.W.2d at 274 (quoting *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001)).

### III. Discussion.

Iowa Code section 910.8 (2011) provides in relevant part that "any restitution payment by the offender to a victim shall be set off against any judgment in favor of the victim in a civil action arising out of the same facts or event." Driscoll concedes his settlement payments were not pursuant to judgments entered in the civil actions. Nonetheless, Driscoll claims he is entitled to a setoff under section 910.8 in light of *Klawonn*.

In *Klawonn*, we considered whether a criminal defendant was entitled to have the amount of a statutorily-mandated, court-ordered restitution payment set off by the amount of a civil settlement that occurred subsequent to the initial restitution order. 688 N.W.2d at 273–74. Because the civil action did not result in the entry of a judgment, the central issue was whether section 910.8 permitted a setoff where there was a civil settlement, but no entry of judgment against the defendant. *Id.* at 274. We concluded a judgment was not required because the purpose of section 910.8 was to coordinate a criminal-restitution payment with a civil-damage award to prevent the victim from receiving a windfall in the form of the restitution award. *Id.* at 275–76. Notwithstanding the literal language of the statute, we concluded the legislature did not intend for a setoff to run on the technicality of whether a judgment was entered. *Id.* at 276. We further noted the settlement "was equivalent to a final judgment in the civil action" because the settlement covered all civil damages that could have been

recovered absent the parties' express reservation of certain claims or damages. *Id.* at 275.

The State counters that *Klawonn* is distinguishable because it dealt with a civil settlement that occurred after the restitution order had been entered in the criminal case. The State maintains that where the civil-settlement amounts are paid prior to criminal sentencing, the defendant must advise the district court of the settlements. Further, the State argues that to wait twelve years and raise the issue of a setoff is improper and prejudicial to the victims' estates.

We find Driscoll has the better argument. *Klawonn* makes clear the purpose of the statute is to coordinate civil recoveries with criminal restitution to avoid double recovery. *Id.* at 275. The statutory purpose of coordinating civil damages with criminal-restitution payments as declared in *Klawonn* does not turn on the timing of the civil-settlement and criminal-restitution orders.

As in *Klawonn,* the release language in the Gibbs and Empen settlement documents unambiguously show a desire to release all claims against Driscoll related to the accident. *See id.* at 272, 275 (holding a release containing substantively similar language to the releases at issue here was a total release); *see also Mensing v. Sturgeon,* 250 Iowa 918, 920, 922, 97 N.W.2d 145, 146–47 (1959) (holding a release containing language nearly identical to the Empen release barred a future action by the releasee against the releasor for damages arising from the same motor vehicle accident). Although the language in each release is different, they are broad-form releases commonly used in civil litigation. In neither release did the estates of the deceased reserve any rights against Driscoll arising out of the accident. *See Klawonn,* 688 N.W.2d at 275 (noting the victim's widow and estate could have preserved their

rights to receive restitution payments as additional consideration for the release); *see also In re Marriage of McNerney*, 417 N.W.2d 205, 208 (Iowa 1987) (observing a "personal injury award is generally composed of three potential elements: (1) those compensating the injured spouse for pain and suffering, disability, disfigurement, or loss of limb; (2) those compensating for lost wages, lost earning capacity, and medical and hospital expenses; and (3) those compensating the noninjured spouse for loss of services or loss of consortium"). Under *Klawonn,* what matters is not whether the parties specifically intended to release a potential restitution claim, but whether the parties intended to settle the matter in a fashion with the same legal consequence as a preclusive civil judgment. *Id.*; *see also Mensing*, 250 Iowa at 928, 97 N.W.2d at 150 (noting the primary question in determining the preclusive effect of a release is what the parties intended to accomplish by their settlement). As a result, we conclude Driscoll is entitled to a setoff for the settlement payments made to each estate.

The State also suggests the delay in asserting the setoff gives rise to a laches defense. The laches argument was not presented to or ruled upon by the district court. As a result, the issue has not been preserved on appeal. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

As a result of the above analysis, we conclude Driscoll's restitution obligation to the Gibbs estate has been satisfied. His $150,000 restitution obligation is extinguished when the settlement amount of $165,000 is set off against it. He is entitled to an order of satisfaction of his restitution obligation as to the Gibbs estate.

However, we cannot at this time conclude Driscoll's obligation to the Empen estate has been satisfied. After setting off the $130,000 settlement against his $150,000 restitution obligation, a balance of $20,000 remains. Although it appears Driscoll has made some restitution payments to the Empen estate, the record does not clearly reveal the total amount of these payments. As a result, on remand the district court must determine the total amount of payments Driscoll has made to Empen's estate beyond the amount of the settlement. The district court shall order Driscoll to pay Empen's estate any outstanding balance due after setting off the $130,000 settlement amount against the $150,000 court-ordered restitution amount and subtracting any restitution payments Driscoll has already made. If no balance remains, Driscoll is entitled to an order declaring his restitution satisfied.

**IV. Conclusion**.

For the above reasons, we conclude Driscoll is entitled to an order declaring restitution satisfied with respect to the Gibbs estate and reverse the district court with respect to that matter. With respect to the Empen estate, we reverse the district court and remand for further proceedings to determine any additional amount Driscoll owes under the restitution order after setting off the settlement amount and subtracting any restitution payments already made. The district court shall order Driscoll to pay any outstanding amount due and owing under the restitution order.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**