# IN THE SUPREME COURT OF IOWA

No. 15–1758

Filed December 9, 2016

**STATE OF IOWA,**

Appellee,

vs.

**ROBERT LIONEL DUBOIS,**

Appellant.

---

Appeal from the Iowa District Court for Marion County, Martha Mertz, Judge.

Defendant appeals from district court's restitution order. **AFFIRMED.**

Mathew D. Zinkula of Booth Law Firm, Osceola, for appellant.

Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Edward W. Bull, County Attorney, and Jared C. Harmon, Assistant County Attorney, for appellee.

**APPEL, Justice.**

In this case, we consider the relationship between restitution in a criminal case under Iowa Code section 910.3 (2014) and the possible availability of insurance coverage of the loss. A district court ordered restitution in the full amount of loss without a deduction for potential insurance coverage. The defendant maintains that restitution should be limited to the amount of the insurance deductible and any other costs not covered by insurance. For the reasons expressed below, we affirm the restitution order of the district court.

## I. Facts and Background Proceedings.

Lisa and Robert Dubois divorced in 2008. In September of 2014, their teenage son had been living with Lisa but decided he wanted to live with his father. Robert picked him up from Lisa's residence on September 10. The teenager, however, left many of his belongings at his mother's house.

The next day, Robert drove his son back to the residence to retrieve his belongings, but Lisa was not home and the door was locked. The teen entered the home through a second-story window. In addition to taking his belongings, the teen took savings bonds, stereo equipment, tire ramps, and a leaf blower with his father's permission. When Lisa returned to the home, she saw that her stereo receiver and speakers were missing along with several pieces of jewelry, a necklace with a locket, diamond earrings, and a tennis bracelet.

Lisa called 911 and reported the break-in. Robert admitted he was present when some of the items were removed from the house. He eventually returned the ramps, the leaf blower, and the stereo speakers but did not return the receiver because he claimed to have paid for it.

Robert asserted he knew nothing about the jewelry or missing savings bonds.

The State charged Robert with burglary in the third degree. The defendant entered a guilty plea to theft in the third degree. The district court sentenced Dubois to a two-year prison term, suspended the sentence, and placed him on probation for a year.

The district court also entered an order of restitution. The order provided that Robert pay $2950 in restitution to Lisa. The defendant objected and the district court set the matter for hearing. At the hearing, Lisa stated she had an insurance policy in place that had a deductible in the amount of $1000. She stated that she had not filed a claim with her insurance company for the stolen items. After the hearing, the district court ordered the defendant to pay $2001 in restitution.

Robert appeals. On appeal, he claims that the restitution award should be limited to reflect only losses not covered by insurance.

## II. Standard of Review.

We review restitution orders for corrections of errors at law. *State v. Jenkins*, 788 N.W.2d 640, 642 (Iowa 2010).

## III. Discussion.

In this appeal, the fighting issue is whether the district court should have limited the restitution award to reflect only losses not covered by insurance.

We begin by examining the law of restitution. Restitution is a creature of statute. *State v. Hagen*, 840 N.W.2d 140, 149 (Iowa 2013). The framework for statutory restitution is provided in Iowa Code chapter 910. Under the statute, "restitution" means "payments of pecuniary damages to a victim in an amount and in the manner provided by the offender's plan of restitution." Iowa Code § 910.1(4).

Of particular importance to us in this case, the legislature has provided that "pecuniary damages" means "all damages to the extent not paid by an insurer, which a victim could recover against the offender in a civil action arising out of the same facts or event." *Id.* § 910.1(3). The statutory language at the heart of this dispute is the meaning of the phrase "to the extent not paid by an insurer" in Iowa Code section 910.1(3).

Robert maintains that this phrase can reasonably be read as referring to instances in which the victim has no applicable insurance policy in place which covers the loss for which he or she is seeking compensation in the restitution action. According to Robert, it does not matter whether an insurance claim has actually been filed or paid at the time of the restitution hearing. Robert argues that the phrase "not paid by an insurer" is a reference to amounts that the victim's insurance policy does not or would not cover.

Robert claims his interpretation of the statute is consistent with the primary purpose of restitution orders, which is to make the victim whole. *See State v. Ihde*, 532 N.W.2d 827, 829 (Iowa Ct. App. 1995). He suggests that if the statute receives the interpretation advanced by the State, the crime victim may receive a windfall payment from the victim and payment from the victim's insurer. Robert argues that the statute was not designed to allow such double recovery.

The State focuses on the language of Iowa Code section 910.1(3), which provides that pecuniary damage recoverable by a victim includes "all damages to the extent not paid by an insurer, which a victim could recover against the offender in a civil action arising out of the same facts or event." The State notes that the statutory language does not require a victim seeking pecuniary damages from an offender to file a claim with

her own insurance plan before restitution is ordered. According to the State, a victim with insurance has an option of seeking restitution from a defendant before he or she pursues other options, including potential insurance recovery.

The parties have found only one case from another jurisdiction of relevance to the issues here. In *People v. Nystrom,* a victim declined to make a coverage claim with an insurer on the ground that the property damage was less than $3000 and the event would have been his third accident of the year, thereby risking a loss of his insurance policy. 10 Cal. Rptr. 2d 94, 97 (Ct. App. 1992). Under the statute in question, the victim was entitled to recover pecuniary loss for "expenses for which the victim has not and will not be reimbursed from any other source." *Id.* (quoting Cal. Gov't Code § 13960(d)). The offender argued that because the victim had insurance coverage, he should not be required to pay restitution. *Id.*

The California appellate court disagreed. *Id.* at 97–98. According to the *Nystrom* court, the statute did not impose an affirmative duty on the victim to pursue all possible sources of reimbursement before claiming restitution. *Id.* at 97. The *Nystrom* court pointed out that in this case, the victim testified that he would not file a claim for the reasons cited above. *Id.* The *Nystrom* court emphasized that from the perspective of the defendant, the fact that the victim had insurance was purely fortuitous and should not entitle the defendant to benefit. *Id.*

Although the language of the statute involved in *Nystrom* is somewhat different than the Iowa restitution statute, we think the reasoning in *Nystrom* is persuasive. There is nothing in Iowa Code section 910.1(3) that requires a victim to seek insurance coverage for pecuniary damage. The statute simply provides that a victim is entitled

to restitution of all damages not paid by an insurer. According to ordinary usage, the term "all damages to the extent not paid by an insurer" means all amounts not actually paid. It does not mean amounts that might be paid, could be paid, will be paid, or even should be paid by the insurer.

No doubt, the legislature could have taken a different approach to the question of the role of insurance in determining restitution amounts. *See generally* George Blum, Annotation, *Measure and Elements of Restitution to Which Victim Is Entitled Under State Criminal Statute*, 15 A.L.R. 5th 391 (1993 & Supp. 2016) (presenting a kaleidoscope of restitution cases, including those involving insurance proceeds). But the legislature in Iowa did not limit restitution to "amounts *not covered*" by insurance. We are not in the business of rewriting express statutory terms. *See Teggatz v. Ringleb*, 610 N.W.2d 527, 530 (Iowa 2000).

We should note that our interpretation does not produce absurd results. Whether or not certain losses are "covered" by an insurance policy can often be contested and can lead to protracted disputes. Whether or not a loss has been paid at the time of a restitution hearing, however, is a simple yes or no question. Thus, the interpretation offered by Robert, in addition to running counter to the express language of the statute, would present workability issues.

At the same time, we recognize the power in Robert's general argument against double recovery. Under Iowa Code section 910.7(1), an offender during the period of probation, parole, or incarceration may petition the court on any matter related to the plan of restitution or plan of payment. In *State v. Klawonn*, the offender filed a motion to modify a restitution order in a vehicular homicide case when his insurer paid the estate of the decedent $275,000 after the restitution order was entered.

688 N.W.2d 271, 273 (Iowa 2004). We held that the offender was entitled to a reduction to the restitution in order to avoid a windfall to the estate. *Id.* at 275–76; *see also State v. Driscoll*, 839 N.W.2d 188, 192 (Iowa 2013) (adjusting the restitution award in a vehicular homicide case when estate received settlement amount prior to entry of restitution order).

But we do not face a double recovery situation *today*, and there is nothing in the record to suggest that future insurance payments for Lisa's loss will be forthcoming. At present, Lisa is entitled to seek full restitution from Robert for pecuniary damages "not paid" by her insurer. She is under no obligation to act for Robert's benefit by seeking coverage for her losses. We need not engage in extended speculation about future insurance payment. If, however, Lisa actually receives insurance payments related to her loss, the offender would be entitled to seek adjustment of the restitution order under Iowa Code section 910.7. *See Driscoll*, 839 N.W.2d at 192; *Klawonn*, 688 N.W.2d at 276.

## IV. Conclusion.

For the above reasons, we conclude that the district court restitution order in this case must be affirmed.

**AFFIRMED.**