# IN THE COURT OF APPEALS OF IOWA

No. 17-1312
Filed May 2, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MARC CHRISTOPHER PLETTENBERG,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

Marc Plettenberg appeals the restitution order entered following his guilty pleas to four offenses. **AFFIRMED.**

Richard Hollis, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**DOYLE, Presiding Judge.**

In this appeal Marc Plettenberg challenges the restitution order entered after he pled guilty to several crimes. Upon our review, we affirm the restitution order.

### I. *Background Facts and Proceedings*.

Today we also file our opinion in *State v. Plettenberg*, No. 17-0624, 2018 WL _____ (Iowa Ct. App. May 2, 2018), an appeal involving the same underlying facts that gave rise to issues in dispute here. Because the relevant facts are fully set forth in that case, we do not repeat them here, except to explain the posture of this appeal. Ultimately, after pleading guilty to four crimes, the district court adjudged Plettenberg guilty of the crimes and sentenced him. Plettenberg appealed, challenging various matters, all addressed in *Plettenberg*, No. 17-0624, 2018 WL _____, at *___.

After his appeal was filed, the county jail filed a claim seeking reimbursement from Plettenberg for room, board, and medical expenses it claimed Plettenberg incurred in spending 397 days in its jail.[1] The total claim amount was $12,224.45. The case number on the claim form included FECR088617, along with two other cases, FECR088508 and FECR086357. Plettenberg filed a resistance to the jail's claim for reimbursement, asserting that "[b]y filing [the jail's reimbursement claim], the State (although NOT the individual prosecutor personally) has breached the plea agreement." He pointed out that, in his guilty

---

[1] The claim form was signed by Plettenberg and the jailer on April 10, 2017, the day Plettenberg was released from jail. His first notice of appeal was filed that day. The claim form was filed with the district court on June 5, 2017.

pleas for the three lesser-included crimes, there were no references "to restitution more generally or the repayment of costs of incarceration" at the jail. Plettenberg acknowledged that his guilty plea for the escape charge made reference to payment of "court-appointed attorney fees and restitution," but he argued "restitution" as used in the plea "should not be interpreted as restitution in general, but only as repayment for expenses associated with legal representation."

The court scheduled a July 2017 hearing "on the issue of his reasonable ability to pay costs assessed in this case." At the hearing, Plettenberg's counsel noted that in addition to Plettenberg's inability to pay the assessed costs and fees, "the plea agreement [did] not requir[e] or specify[] payment for the stay in jail," and counsel asked "the court to consider . . . whether or not the restitution should be due and owing at all." No further discussion of that issue on the record was held. On July 20, 2017, the court entered an order approving the jail's room and board reimbursement claim pursuant to Iowa Code sections 356.7 and 910.2 (2017). The court noted the claim total included FECR088617 and another case. The next day, the court entered its order denying Plettenberg's resistance to the restitution orders, finding the correctional-fee reimbursement was considered a court cost and finding "no merit in [Plettenberg's] assertion that he was not informed of his obligation to pay court costs, which include[d] correctional fees." The court also found Plettenberg was able to pay the restitution. On August 18, 2017, Plettenberg filed a notice of appeal, specifically appealing the "'Order Approving Room and Board' filed on July 20, 2017 . . . and . . . the 'Ruling on Restitution' filed on July 21, 2017."

## II. Scope and Standards of Review.

We review challenges to both guilty pleas and restitution orders for correction of errors at law. *See State v. Weitzel*, 905 N.W.2d 397, 401 (Iowa 2017); *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016); *State v. Dubois*, 888 N.W.2d 52, 53 (Iowa 2016). We review constitutional claims, such as claims of ineffective assistance of counsel, de novo. *See State v. Virgil*, 895 N.W.2d 873, 879 (Iowa 2017).

## III. Discussion.

In this appeal, Plettenberg argues the district court erred in concluding that he is "reasonably able to pay" the restitution ordered "and by consequently imposing the amount of restitution in the amount of $14,585.92 and giving Plettenberg the option of performing community service instead." He also asserts the restitution request by the State constituted a breach of the parties' plea agreements, and he maintains his trial counsel rendered ineffective assistance for not objecting to the breach. Finally, he contends the imposition of restitution was improper because the district court failed to comply with Iowa Rule of Criminal Procedure 2.8 and related case law.

### A. Plettenberg's Ability to Pay.

"[I]mposition of restitution is mandatory under Iowa law"; specifically, "Iowa Code section 910.2 states, in relevant part, 'In all criminal cases in which there is a . . . verdict of guilty, . . . the sentencing court shall order that restitution be made by each offender . . . .'" *State v. Jenkins*, 788 N.W.2d 640, 644 (Iowa 2010); *see also* Iowa Code § 910.2. "The amount of restitution is part of the sentencing order and is therefore directly appealable, as are all orders incorporated in the sentence."

*State v. Jose*, 636 N.W.2d 38, 45 (Iowa 2001). Thus, an offender has the general right to challenge the causal connection of the restitution ordered and the amount of the restitution awarded "at the time of sentencing and may file a timely appeal in the criminal case of any restitution order." *See Jenkins*, 788 N.W.2d at 644. Likewise, an offender can challenge his or her *ability* to pay the amount of restitution ordered, *see Jose*, 636 N.W.2d at 45, since the offender's "reasonable ability to pay is a constitutional prerequisite for a criminal restitution order such as that provided by Iowa Code chapter 910." *State v. Van Hoff*, 415 N.W.2d 647, 648 (Iowa 1987). However, unlike direct causal-connection or amount-of-restitution challenges, "ability-to-pay challenges to restitution are premature until the defendant has exhausted the modification remedy afforded by Iowa Code section 910.7." *State v. Richardson*, 890 N.W.2d 609, 626 (Iowa 2017) (citing *State v. Jackson*, 601 N.W.2d 354, 357 (Iowa 1999)).

Here, Plettenberg was given a hearing and allowed to challenge the restitution order, satisfying due process to dispute the restitution awarded. *See Jenkins*, 788 N.W.2d at 644. Thereafter, the district court entered an order for the undisputed amount of restitution stating: "Upon his release from custody, [Plettenberg] may make arrangements for a payment plan or wage withholding," or alternatively, "in lieu of paying that sum, perform 2012 hours of community service for a public or private non-profit agency or organization upon his release." Consequently, though the district court listed numerous reasons it found Plettenberg could reasonably pay the restitution it ordered, the issue of his ability to pay was not yet fully resolved, as the record does not include an actual restitution plan of payment. Because no final plan of payment has been entered,

the matter is not ripe for our review, and we do not consider it further. *See State v. Johnson*, 887 N.W.2d 178, 183-84 (Iowa Ct. App. 2016) (holding that issue of ability to pay is directly appealable if the plan of restitution *and* the restitution plan of payment are part of the sentencing order).

### B. Breach of Plea Agreements.

Plettenberg next argues: "The State's request for restitution for jail expenses (including medical expenses) was improper because it was a breach of the plea agreement and defense counsel was ineffective for failing to object to this breach." We believe this is an improper backdoor attempt to collaterally attack the guilty plea. Furthermore, the district court did not specifically rule on the issue. In order to preserve error, an issue must be both raised and decided by the district court. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). In any event, the issue fails on its merits for the same reasons stated in *Plettenberg*, No. 17-0624, 2018 WL _____, at *___.

### C. Failure to Comply with Iowa Rule of Criminal Procedure 2.8.

Finally, Plettenberg argues that, should we find no breach of his plea agreements, the pleas are otherwise invalid because the district court failed to comply with the requirements set forth in rule 2.8(2) to accept a plea agreement. As in his other appeal, he contends this alleged failure renders his sentence illegal, freeing him from the necessity of preserving the error for our review. Again, we believe this is an improper backdoor attempt to collaterally attack the guilty plea. In any event, the issue fails for the same reasons stated in *State v. Plettenberg*, No. 17-0624, 2018 WL _____, at *___. Moreover, a rule 2.8(2)(b) procedural

violation does not constitute an illegal sentence. *Lopez-Penaloza v. State*, 804 N.W.2d 537, 541-42 (Iowa Ct. App. 2011).

### IV. Conclusion.

Upon our review, we find the matter of whether Plettenberg had the ability to pay the ordered restitution is not ripe for appeal. We reject Plettenberg's other argument. Accordingly, we affirm the district court's restitution order.

**AFFIRMED.**