# IN THE COURT OF APPEALS OF IOWA

No. 18-0673
Filed February 20, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DEAN WILLIAM DEMPSTER, III,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Delaware County, Monica Zrinyi

Wittig, Judge.


        Dean William Dempster III appeals the district court's modification of his

victim restitution order.  **REVERSED.**


        James G. Thomas and Jeffrey L. Clark of Thomas & Clark, LLC, Anamosa,

for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.


        Considered by Vogel, C.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

We are asked to determine the effect of a prior court of appeals opinion on a criminal restitution order.

## I.  *Background Proceedings*

Dean William Dempster III pled guilty to vehicular homicide by reckless driving.  *See* Iowa Code § 707.6A(2)(a) (2013).  As required by law, the district court ordered victim restitution of $150,000.  *See id.* § 910.3B(1).  The court approved a restitution plan of payment.

Shortly thereafter, Dempster notified the district court of two $100,000 insurance payments to the parents of the victim—one by his insurance company and the other by the company that insured the owner of the vehicle.  In exchange for the payments, the parents released Dempster from all liability.  Dempster requested "that his probation agreement/payment plan be amended to reflect that victim restitution has been satisfied."  On July 12, 2016, following a hearing, the court concluded:

> Iowa Code Section 910.8 provides in relevant part "that any restitution payment by the offender to a victim shall be set off against any judgment in favor of the victim in a civil action arising out of the same facts or event."  *See also State vs. Driscoll*, 839 N.W.2d 188, 191 (Iowa 2013).  Based thereon, in the Court's reading of the *Driscoll* case, the Court hereby finds that offset is proper.  As *Driscoll* indicates, the purpose of the statute is to coordinate civil recoveries with criminal restitution to avoid double recovery.  *Id.* (citing *State v. Klawonn*, 688 N.W.2d 271 (Iowa 2004)).

The court ordered an offset of "the civil payment made to the victim's family" and application of "any payments made directly by the Defendant to any further court costs or obligations he owes."  The court further stated, "If the payment made by the civil settlement satisfies the $150,000.00 criminal restitution payment in its

entirety, the Court deems that aspect of the Defendant's disposition order to be satisfied in full." The State did not appeal the July 12, 2016 order.

More than a month after the order was filed, the parents of the victim wrote a letter to the district court requesting reconsideration of the order. They asserted the court should not have offset the $100,000 payment they received from the vehicle owner's insurer against Dempster's $150,000 restitution obligation. In response to the letter, the court "clarifie[d]" that its prior order "relate[d] solely to any insurance proceeds paid on behalf of . . . Dempster from his personal liability coverage."

Dempster moved to set aside the clarifying order. The district court essentially reaffirmed that order.

On appeal, this court reversed and vacated the clarifying order. *See State v. Dempster*, No. 16-1756, 2017 WL 3525277, at *2 (Iowa Ct. App. Aug. 16, 2017). We reasoned "the parents did not have standing to challenge the restitution order." *Id.*

After the appeal was finalized, the State filed an application to amend the plan of restitution. The State alleged it was "a recognized party" and was entitled to "a further supplemental order . . . that only offsets Defendant's $150,000 obligation by the $100,000 paid by his insurance company and with no credit for any payments paid by any third party insurers." Dempster countered, "Any 'erroneous' application of the facts or the law, if such existed, should have been raised by the State through filing an appeal" of the July 12, 2016 order and "[r]es judicata" warranted dismissal of the application. At a hearing on the application, Dempster elaborated that the district court's "clarifiying" order declining to offset

the second $100,000 payment was "vacated" by the court of appeals and "it stands, as far as the Defendant should be concerned, as the law of the case."

The district court rejected Dempster's procedural challenges to the State's application after noting that a restitution hearing could be scheduled "at any time during the term of incarceration." The court concluded the $150,000 restitution obligation was mandatory; Dempster was "not entitled to any benefit from an insurance agency beyond what he may have paid for as his own personal coverage"; and an offset of the second insurance payment was inappropriate.

On appeal, Dempster challenges the district court's jurisdiction to revisit the clarifying order. He also argues the district court "failed to appy the law of the case" doctrine. In that context, he contends the State failed to appeal the July 12, 2016 order granting an offset of both $100,000 payments and furnished no new information warranting reconsideration of the order. Finally, he asserts Iowa precedent mandates an offset of both insurance payments.

## II. Analysis

We begin with the jurisdictional argument. We conclude the district court possessed subject matter jurisdiction over restitution matters. *See State v. Poyner*, No. 08-1863, 2009 WL 3775118, at *2 (Iowa Ct. App. Nov. 2009) (citing Iowa Code ch. 910 (2007)).

We turn to the law-of-the-case doctrine. "The law-of-the-case doctrine 'represents the practice of courts to refuse to reconsider what has once been decided.'" *Brewer-Strong v. HNI Corp.*, 913 N.W.2d 235, 245–46 (Iowa 2018) (citation omitted). "Under this doctrine, a reviewing court's legal principles and views expressed become binding throughout the case as it progresses, regardless

of their accuracy." *Id.* at 246. "Although '[t]he doctrine generally applies only to issues raised and passed on in a prior appeal,' it also 'extends to matters necessarily involved in the determination of a question settled in a prior appeal for purposes of subsequent appeals.'" *Id.* (citation omitted). "Nevertheless, the law of the case doctrine is inapplicable 'if the facts before the court upon the second trial are materially different from those appearing upon the first,' or the party raises 'issues that could have been, but were not, raised in the first appeal.'" *Id.* (citation omitted).

The only issue decided by this court in Dempster's prior appeal was whether the victim's parents had standing to challenge the clarifying order. We stated they did not. *Dempster*, 2017 WL 3525277, at *2. Because we did not address the merits of the clarifying order, the holding of our opinion did not foreclose the State's subsequent application. But, as noted, the law-of-the-case doctrine also covers matters necessarily involved in the determination of our appeal. *Id.* One of the matters necessarily involved in the determination of the appeal was the July 12, 2016 order. Our prior opinion referred to the order and stated, "No party appealed this order." *Id.* at *1. Although we did not elaborate on the effect of the State's failure to appeal that order, the effect was obvious: the State was foreclosed from collaterally attacking the order. *See Schott v. Schott*, 744 N.W.2d 85, 88 (Iowa 2008) ("We have repeatedly said a final judgment is conclusive on collateral attack, even if the judgment was erroneous, unless the court that entered the judgment lacked jurisdiction over the person or the subject matter."); *Sanford v. Manternach*, 601 N.W.2d 360, 363–64 (Iowa 1999) ("[T]he district court did enter a ruling and the State did not appeal that ruling. Thus, the defendants' argument in this case

is actually a collateral attack on that prior judgment . . . . [A] judgment is not subject to collateral attack except on jurisdictional grounds."); *Gail v. W. Convenience Stores*, 434 N.W.2d 862, 863 (Iowa 1989) ("The motion for entry of satisfaction of judgment here was clearly a collateral proceeding. Its purpose was to avoid paying the interest ordered in the previous ruling. The Gails raised this issue in the previous proceeding. The trial court ordered Western to pay prejudgment interest on the amounts credited from the date of filing until the date they were paid. The order was clear in its award of interest. Because Western did not challenge the interest award on appeal the order must be allowed to stand."); *Heishman v. Heishman*, 367 N.W.2d 308, 309 (Iowa Ct. App. 1985) ("It is well-established that a decree or judgment generally cannot be attacked collaterally.").

The State attempts to circumvent this principle with an argument that the July 12, 2016 order was not final. The State points to Iowa Code section 910.3, which authorizes the district court to enter "further supplemental orders if necessary." But that language must be read in context. Section 910.3 states in full:

> At the time of sentencing or at a later date to be determined by the court, the court shall set out the amount of restitution including the amount of public service to be performed as restitution and the persons to whom restitution must be paid. If the full amount of restitution cannot be determined at the time of sentencing, the court shall issue a temporary order determining a reasonable amount for restitution identified up to that time. At a later date as determined by the court, the court shall issue a permanent, supplemental order, setting the full amount of restitution. The court shall enter further supplemental orders, if necessary. These court orders shall be known as the plan of restitution.

The language authorizing "further supplemental orders" relates to supplementation of the "amount" of restitution, in the event the amount cannot immediately be

determined. In this case, the amount of restitution was undisputed. The only question was whether Dempster could credit both insurance payments against the amount. The district court conclusively decided the issue in the July 12, 2016 order. If the State wished to challenge the factual or legal basis for the order, it needed to file an appeal. It did not. The State's application to amend the plan of restitution was an unabashed attempt to revisit the unappealed July 12, 2016 order. It can only be construed as a belated and impermissible collateral attack of a final order. Because the application was impermissible, the order granting the application also was impermissible.

A recent legislative change does not alter our opinion.[1] The State concedes the amendment was enacted after the July 12, 2016 order was filed.

We reverse the order granting the State's application to amend the July 12, 2016 order. The effect of our opinion in this appeal, together with our opinion in the prior appeal, is to render the July 12, 2016 order the final pronouncement on the offset of payments against Dempster's restitution obligation. The July 12, 2016 order effectively eliminates that obligation.

**REVERSED.**

---

[1] The legislature recently amended section 910.3B to add subsection 4: "An award under this section made to the victim's estate or heirs at law shall not be reduced by any third-party payment, including any insurance payment, unless the offender is a named or covered insured." Iowa Code § 910.3B(4) (2018).