# IN THE COURT OF APPEALS OF IOWA

No. 19-0822
Filed April 1, 2020

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHAD LINDSAY,**
        Defendant-Appellant.
_____


        Appeal from the Iowa District Court for Dickinson County, Carl J. Petersen, Judge.


        Chad Lindsay appeals the restitution order entered after he pled guilty to one count of failure to obtain workers' compensation liability insurance. **AFFIRMED.**


        Martha J. Lucey, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**DOYLE, Judge.**

Chad Lindsay pled guilty to one count of failure to obtain workers' compensation liability insurance for his trucking business, in violation of Iowa Code sections 87.1 and 87.14A (2013), a Class D felony. The district court deferred judgment, placed Lindsay on probation, and ordered him to pay costs, fees, and restitution. After a restitution hearing, the court assessed Lindsay $75,846.91 in victim restitution, the amount of benefits a deputy workers' compensation commissioner ordered Lindsay to compensate an employee for his work-related injury. Lindsay challenges the award on appeal.[1]

We review the restitution order for correction of errors at law. *See State v. Covel*, 925 N.W.2d 183, 187 (Iowa 2019). "We will reverse if the court has not properly applied the law or the court's findings lack substantial evidentiary support." *Id.* Our restitution statute requires the sentencing court to order restitution for victims of crime and prioritizes victim restitution over all other forms of restitution. *See* Iowa Code § 910.2(1). The court may award victim restitution for pecuniary damages that are causally related to the defendant's criminal activities. *See* Iowa Code § 910.3; *State v. Bonstetter*, 637 N.W.2d 161, 165 (Iowa 2001). "Pecuniary damages" are "all damages to the extent not paid by an insurer

---

[1] Because the sentencing order was not a final judgment, our supreme court treated Lindsay's notice of appeal as an application for discretionary review and granted it. *See Daughenbaugh v. State*, 805 N.W.2d 591, 598 (Iowa 2011) ("[A] person who receive[s] a deferred judgment, [i]s placed on probation, and [i]s ordered to pay restitution and court costs, has no right of direct appeal because there is no final judgment in the district court."); *State v. Stessman*, 460 N.W.2d 461, 464 (Iowa 1990) ("We believe that the proper route of possible review for a restitution order issued as part of or following a deferred judgment is an application for discretionary review.").

on an insurance claim by the victim, *which a victim could recover against the offender in a civil action* arising out of the same facts or event." Iowa Code § 910.1(3) (emphasis added).

Lindsay first contends the district court erred in ordering victim restitution in the same amount the victim was awarded in the workers' compensation action. He argues that by pursuing a workers' compensation claim, the employee is precluded from recovering in a civil action. *See Stroup v. Reno*, 530 N.W.2d 441, 443 (Iowa 1995) (holding that an employee may elect to either pursue a civil action in court for a workplace injury or pursue an administrative workers' compensation claim, "but not both"). But in determining victim restitution, the question is whether "the victim *could* recover against the offender under any civil-based theory of recovery 'arising out of the same facts or events.'" *State v. Hollinrake*, 608 N.W.2d 806, 808 (Iowa 2000) (emphasis added). Iowa Code section 87.21 allows an employee to recover personal injury damages for a workplace injury in a civil action when an employer fails to obtain workers' compensation liability insurance. Iowa Code § 87.21. Because Lindsay's criminal act supports a civil claim for recovery, the court could award restitution to compensate the victim for the damages arising from that criminal act. The district court properly applied the law in assessing victim restitution.

Lindsay also contends his counsel was ineffective for failing to request an order from the district court allowing for a setoff against the restitution for any payments made under to the workers' compensation award.[2] To succeed on this

---

[2] Because recent amendments to Iowa Code chapter 814 that limit a defendant's right to appeal do not apply to cases pending on July 1, 2019, *see State v. Macke*,

claim, Lindsay must show his counsel breached a duty and prejudice resulted. *See State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). If counsel's performance was not objectively reasonable, the first prong of the test is met. *See State v. Ortiz*, 905 N.W.2d 174, 183 (Iowa 2017).

Section 910.8 states that "any restitution payment by the offender to a victim shall be set off against any judgment in favor of the victim in a civil action arising out of the same facts or event." "[T]he purpose of the statute is to coordinate civil recoveries with criminal restitution to avoid double recovery." *State v. Driscoll*, 839 N.W.2d 188, 191 (Iowa 2013) (citing *State v. Klawonn*, 688 N.W.2d 271, 275 (Iowa 2004)). Lindsay acknowledges that "the code does not appear to allow for a restitution payment set off against a workers' compensation arbitration award." But he argues that a setoff is required, citing *State v. Paxton*, 674 N.W.2d 106, 111 (Iowa 2004), in which the court ordered victim restitution reduced by the amount of pecuniary damages the victim recovered from an arbitration award against the defendant's employer for the defendant's criminal act. The *Paxton* court noted,

> any damages recoverable in a civil action would be subject to reduction to the extent of payments made to the victim for the same damages. Thus, the prohibition against double recovery, and the consequent credit for payments already received by the victim, is inherent in the statutory measure of recovery.

*Id.* Although a workers' compensation proceeding is not a "civil action" per se, and a workers' compensation award is not specifically mentioned in section 910.8, we believe the holdings of *Paxton*, *Klawonn*, and *Driscoll* apply here. The State agrees that, "Because the law requires a set off, if and when Lindsay makes a

---

933 N.W.2d 226, 235 (Iowa 2019), we may consider Lindsay's claim on direct appeal.

payment, he would be given credit toward the restitution payment." So we conclude any payments Lindsay makes to the employee under the workers' compensation award should be set off against the restitution award, and vice versa.

Lindsay had made no payments to the employee under the workers' compensation award to compensate the employee's pecuniary losses. Because he had not done so when the restitution order was entered, counsel had no duty to request a setoff, nor was there any need to request an order allowing for a setoff. Thus, his ineffective-assistance claim fails.

**AFFIRMED.**